|   4 | 715 |
|  29 | 344 |
| e29 | 346 |
| e29 | 353 |

[No. 669. Decided August 12, 1892.]

THE STATE OF WASHINGTON, *on the Relation of Trusten P. Dyer, Respondent,* v. FRANK A. TWICHELL, *County Auditor of King County, Appellant.*

SUPERIOR JUDGES—TERM OF OFFICE—CONSTITUTIONAL LAW—ELECTION OF
STATE OFFICERS.

Under the provisions of the constitution (art. IV., § 5) declaring that there shall be one superior court judge elected for the county of King "until otherwise directed by the legislature," that "the first superior judges elected under this constitution shall hold their offices for the period of three years, . . . and thereafter the term of office of all superior judges in this state shall be four years," so much of the act of March 3, 1890 (Laws 1889–90, p. 346) as fixes the term of office of the two additional judges for King county therein provided for at "four years from and after the second Monday in January, 1891," is void.

Judges of the superior courts are state officers within the purview of art. VI., § 8 of the constitution, which provides that "the first election of all state officers not otherwise provided for, . . . after the election held for the adoption of this constitution, shall be on the Tuesday next after the first Monday in November, 1892, and . . . every fourth year thereafter."

*Appeal from Superior Court, King County.*

Application on the relation of Trusten P. Dyer for a writ of *mandamus* to compel Frank A. Twichell, as auditor of King county, to give notice that three superior judges are to be elected in that county at the election in November, 1892. From an order granting the writ, defendant appeals.

*Elwood Evans,* and *Doolittle & Fogg,* for appellant.

*Thompson, Edsen & Humphries,* and *W. C. Sharpstein,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The sole question presented by the record in this case is as to the number of judges to be elected in the county of King at the coming election in November.    It is contended on the part of the relator, and the lower court found, that three such judges are to be so elected.    Appellant contends that but one is to be elected.    On March 3, 1890, the legislature passed an act providing for additional judges in the counties of Spokane, Pierce and King. Sec. 3 of said act provides that "at the general election in 1890 there shall be elected    .   .   .    in the county of King, two superior judges   .   .   .    in addition to the judge now provided for by law in said county, who shall hold their offices for the term of four years from and after the second Monday in January, 1890."    Before the enactment of that law there had been but one judge elected for said county of King.    He was elected at the election for the adoption of the constitution in 1889, and, under the provisions of said constitution, his term of office will expire in January next, and his successor must be elected at the coming November election.    And if the provisions of the law of March 3, 1890, above quoted, are of force, it is conceded that said successor to the judge elected in 1889 is the only one to be so elected.    The contention on the part of the petitioner, however, is that so much of the law above quoted as assumes to fix the term of office of the judges therein provided for is unconstitutional and void.    The appellant contends that such provision is not only not opposed to any express provision of the constitution, but is in entire harmony with the letter and spirit thereof.    To determine the right of these respective contentions is to determine the controversy at bar.    If the constitution has not provided for the terms of additional judges, which might be provided for the courts of the several counties by

the legislature, it follows as of course that the legislature has full power to enact in regard thereto. If, on the other hand, the constitution has so provided, such provision must control, and any attempt of the legislature to change or modify the same would be absolutely void, and of no effect. The provisions of the constitution bearing directly upon this question are found in articles IV and VI. Sec. 5 of art. IV provides substantially as follows:

"That there shall be in each of the organized counties of this state a superior court, for which at least one judge shall be elected by the qualified electors of the county at the general state election: *Provided,* That, until otherwise directed by the legislature, one judge only shall be elected for the counties of Spokane and Stevens . . . one judge for the county of King. . . . The first superior judges elected under this constitution shall hold their offices for the period of three years, and until their successors shall be elected and qualified, and thereafter the term of office of all superior judges in this state shall be four years from the second Monday in January next succeeding their election, and until their successors are elected and qualified. The first election of the judges of the superior court shall be at the election held for the adoption of this constitution. If a vacancy occur in the office of judge of the superior court, the governor shall appoint a person to hold the office until the election and qualification of a judge to fill the vacancy, which election shall be at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term."

Sec. 8 of art. VI is as follows:

"The first election of county and district officers, not otherwise provided for in this constitution, shall be on the Tuesday next after the first Monday in November, 1890, and thereafter all elections for such officers shall be held biennially on the Tuesday next succeeding the first Monday in November. The first election of all state officers not otherwise provided for in this constitution, after the election held for the adoption of this constitution, shall be on

the Tuesday next after the first Monday in November, 1892, and the elections for such state officers shall be every fourth year thereafter on the Tuesday succeeding the first Monday in November."

By the first section above referred to, what is intended as to the term of superior court judges? Does, or does it not, contemplate the election of all the superior court judges at the same time, and for the same term of office? Learned counsel have argued with much ability as to the rules which must govern the court in the construction of constitutional provisions, which are alleged to have been contravened by legislative enactments. The law thus contended for by the appellants is undoubtedly correct. No court can properly hold a legislative enactment unconstitutional unless such a construction of the constitution as will compel such a course, is the only reasonable one that can be adopted. All these rules of construction, however, aid us but little in the matter at bar. We must, from the language of this section, determine what the constitution makers meant. And we must arrive at their intention, not by the technical construction of any particular sentence or clause thereof, but by the section as a whole, investigated in the light of all other provisions of the constitution. Thus construing it, we are forced to the conclusion that the constitution makers intended that the regular term of all superior court judges should be uniform, and that the regular incumbents of said offices should hold for the same term, not only as to its duration, but also as to the time of its commencing and ending. And we think that the additional judges to be provided by act of the legislature, when so provided, occupied exactly the same relation to the constitution and the term of office therein provided for as did those created by the constitution itself. If the legislature had simply provided for two additional judges for the county of King, and stopped there, the legislation

would have been effective. If this is true, it must be because the term of office and other provisions as to salary, etc., were covered by the constitution. The constitution created the office of judge of the superior court. It provided that a certain number of judges should be elected. It also provided that the legislature might authorize and require the election of an additional number of judges. It does not follow, however, as contended for by appellant, that, because the election of a portion of the judges was authorized by the constitution itself, and another portion thereof by the legislature, that the respective portions bear any other than a common relation to all the provisions of the constitution relating to such officers. The term of office, then, of all the judges must be held to have been provided for in the constitution. Not only does the whole spirit of the constitution point to such a conclusion, but there are particular sentences and clauses in the section under consideration which are better given force by such a construction than by any other. The first superior court judges shall hold their offices for the period of three years, and thereafter the term of office of all superior judges shall be four years. The word "thereafter," as used in this clause, both as a matter of strict grammatical construction, and by reason of its popular import, clearly refers to and depends upon the expression, "the period of three years." This construction harmonizes fully and completely with the spirit of the entire constitution. Any other construction would not only do violence to well settled rules, but would render the constitution inharmonious and contradictory. If this construction of the clause above referred to is to obtain, it follows that a definite term, ending three years from the second Monday of January, 1890, applicable to all superior court judges, whether provided for in the constitution or by legislation, was fixed in the constitution. If the constitution has thus provided definite terms, it

would, of course, follow that the legislature could not change or modify the same.

This construction of said § 3 harmonizes entirely with . § 8 above quoted. And if superior court judges are construed to be state officers it is the only construction which will make said §§ 3 and 8 harmonize at all. In certain places in the constitution reference is made to judicial officers in such. a way as to show that they are not necessarily included in the designation state officers, but it does not follow that they are not included within such designation as used in some parts of the constitution. That they are more accurately described as state officers than as county or district officers is evident, not only from the character and extent of their jurisdiction and the locality in which they may be called upon to discharge their duties as such officers, but also from the fact that they are paid at least in part by the state, and vacancies occurring in the office are to be filled by the governor. In other states having similar provisions in their constitutions as to superior court judges they have uniformly been held to be state officers. We think the reasonable construction of the whole of the constitution will show that superior court judges are included within the designation of state officers as used in said § 8. And if this be so, it is clear that the · first election for the regular term of four years for such officers must be held on the Tuesday next after the first Monday in November, 1892. The terms of all the superior court judges theretofore provided for, whether in the constitution or by legislative enactment, must alike be filled by election on that day. It follows that there must be three judges so elected in the county of King.

The judgment of the lower court will be affirmed.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J., concurs in the result.