[No. 2596. Decided December 11, 1897.]

PULLMAN STATE BANK, *Appellant*, v. B. F. MANRING, *as County Treasurer of Whitman County, Respondent.*

TAXATION — DEDUCTION OF DEBTS FROM CREDITS — WHAT CONSTITUTES CREDITS — BANK STOCK — MONEY — CONSTITUTIONAL LAW.

Bank stocks are credits within the meaning of section 2, article 7, of the constitution, governing the taxation of property, and providing that debts may be deducted from credits in making up the assessment of each person.

That portion of section 1, Laws 1895, p. 508 (Bal. Code, §1657), which excepts bank stock from credits, and that portion of the section which includes money with credits, from which debts may be deducted in making up an assessment for taxation are invalid and unconstitutional.

A revenue act discriminating between shares in state banks and in national banks, for purposes of taxation, is not thereby rendered invalid, since national bank stocks are only taxable by permission of congress and under such limitations as congress may establish.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Reversed.

*Mark A. Fullerton. (S. J. Chadwick,* of counsel), for appellant.

The opinion of the court was delivered by

REAVIS, J.—Appellant commenced an action in the superior court of Whitman county against respondent in his official capacity to restrain him from levying upon its property for the collection of taxes assessed by the county against the shares of stock of the appellant bank owned by certain of its stockholders.

The complaint states that appellant is a state bank; that on the day next preceding the first day of April, 1895, and

on that day, a number of persons owned shares of the capital stock of appellant bank; that the cashier of the bank furnished to the county assessor the statement required by the revenue law under oath showing the name and place of residence of each shareholder of capital stock of the bank, and the number of shares owned by each severally, at the close of the business day preceding the first day of April, 1895, as the same appeared on the books of the bank; that at said date and for more than a year prior thereto and for more than one year subsequent to the said time, the specified shareholders were indebted in good faith to sundry persons, firms and corporations; that said indebtedness was founded upon an actual consideration, not made for the purpose of being deducted from credits, not as security for another, nor on account of any obligation of any kind given to an insurance company for premiums or insurance; nor on account of any unpaid subscription to any institution, society, corporation or company; nor on account of any indebtedness contracted for the purchase of United States bonds or other non-taxable property; and that the several shareholders specified were entitled, under the revenue laws of the state, to deduct from their money and credits which they were required to list and have listed, a sum specified for each of the several shareholders. That in making up the list of credits for the purpose of assessment, each of the shareholders named listed to the county assessor all his credits at home and abroad, including accounts, bonds, notes, certificates of deposit, judgments, choses in action, and all other debts due or to become due whether secured by mortgage or otherwise, including his shares held in the appellant bank, the value of which said credit, taken altogether, did not equal the amount of the several indebtedness; and that each of the shareholders claimed and demanded of the assessor that his indebtedness be deducted from his credits

and that no credits of any kind be assessed to him upon the assessment roll of 1895; that the assessor refused to deduct or to permit to be deducted from the credits the indebtedness of the shareholders, but caused to be spread upon the assessment rolls, as property taxable by said county, the shares of stock held by each of said shareholders without any deduction for his debts; that each of the shareholders went before the board of equalization and sought to have the assessment corrected by deducting his indebtedness from the amount of his credits; that the board refused to make such deduction; that the assessment rolls were afterwards, by the proper authorities, placed in the hands of the respondent, with the certificate of the county auditor thereto attached authorizing the defendant to collect the taxes so assessed; that the value of the stock in the bank was no greater than that fixed upon it by the assessor, and that the deductions were disallowed by the board of equalization for the sole reason that the revenue law did not permit deduction of indebtedness from bank stocks; that each of the shareholders specified had notified appellant in writing not to pay the amount of taxes assessed against his shares and not to attempt to enforce any lien which it might claim upon the shares by reason of having paid the tax wrongfully levied.

A general demurrer was filed to the complaint, which was sustained by the superior court, and appellant elected to stand on the demurrer. Judgment was entered for the respondent, from which this appeal is taken.

1. Section 1, article 7, of the constitution declares:

" All property in the state not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law."

Section 2 of the same article declares:

" The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property; *provided*, that a deduction of debts from credits may be authorized."

It is manifest that the deduction of debts from credits authorized by this section of the constitution must be prescribed by general law, and that such deduction must be uniform and equal. The deduction can only be made from credits. This controversy involves the construction and effect of section 3 of the revenue act of 1893 as amended by the session laws of 1895, p. 508 (Bal. Code, § 1657):

" That in making up the amount of money or credits *other than bank stock*, which any person is required to list or have listed or assessed, he will be entitled to deduct from the gross amount thereof all debts in good faith owing by him," etc.

The constitution has not defined the term " credits," but the term in its generic sense embraces that species of personal property known in law as choses in action and contract rights—in commercial circles, terms applied to incorporeal personal property as contra-distinguished from chattels, and is applied alike to bonds, shares of stock in corporations, bills, notes, mortgages, and open accounts in all their multifarious forms. Bank stocks are choses in action.

Thompson on Corporations (Vol. 1, § 1070) says:

" Judicial opinion has characterized corporate shares as choses in action. This will appear to be a sound conception when it is reflected that corporate shares are merely *contract rights*, namely, the right to participate in the election of the corporate officers, to be eligible to the office of

director therein, to receive dividends of its profits, and, after its debts have been satisfied, to receive a proportional share of its assets on its being wound up."

The author cites many authorities for this definition. The legislature evidently understood the term "credits" as used in the constitution to include bank stocks, for the language of the revenue act is "credits other than bank stock."

The contention of appellant is that the exception made in the revenue act under consideration is unconstitutional, in that it violates that provision of the constitution requiring equality and uniformity in the collection and assessment of taxes, and in that it also violates the provision of the constitution forbidding special legislation upon the subject of the assessment and collection of taxes. Equality and uniformity in taxation require that individuals in classes be treated alike, and while it may be stated generally that under this provision a wide discretion is given to the legislature in laying taxes on classes of property and persons, yet there must be uniformity in the application of the rule adopted for the class among individuals, and property of the same character in the class; but under our constitution the deduction made from credits pertains to a single description of property. Applying these principles to the case here, it is apparent that the refusal to include the shares of bank stock in the state bank in credits of the shareholder from which his debts could be deducted, infringes upon the rule of uniformity and equality required by the constitution; and that the exception in the revenue act of 1895 set out heretofore is invalid. But "money" is not included in any authorized definition of the word "credits." It is tangible personal property, and the legislature could not extend the proviso in section 2 of article 7 of the constitution

above set out to add money to credits from which a deduction of debts could be made.  *State, ex rel. Chamberlin v. Daniel*, 17 Wash. 111 (49 Pac. 243).  But the invalid exception of bank stock from credits from which a deduction of debts could be made does not render the provision allowing debts to be deducted from credits void.

" The general proposition must be conceded, that in a statute which contains invalid or unconstitutional provisions, that which is unaffected by these provisions, or which can stand without them, must remain.  If the valid and invalid are capable of separation, only the latter are to be disregarded."  *Supervisors v. Stanley*, 105 U. S. 305.

2.  The contention made here by the appellant that a discrimination existing between shares in state banks and national banks would render the revenue act invalid is not well taken.  Shares in national bank stock are only taxable by the permission of congress with such limitations as congress may establish, and hence the argument founded upon such discrimination could not avail appellant.

But for the discrimination against the shareholders of appellant in refusing to deduct their debts from their credits, including shares of stock, the judgment of the superior court is reversed and the cause remanded for further proceedings in conformity to this opinion.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.