[No. 16834. *En Banc.* June 21, 1922.]

MARY KILDALL, *Appellant,* v. KING COUNTY, *Respondent.*[1]

COUNTIES (59)—REPRESENTATION—TORTS OF OFFICERS OR AGENTS— COURT BAILIFFS—LIABILITY. A county is not liable for personal injuries sustained by a juror from the negligence of court bailiffs, who had the jury in custody, and directed their movements in a busy street where motor vehicles had the right of way.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 27, 1921, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Cole & Dolby* and *Robert G. Cauthorn,* for appellant.

*Malcolm Douglas* and *Wm. Parmerlee,* for respondent.

HOLCOMB, J.—In a case to recover damages for personal injuries received by appellant, Mary Kildall, while serving as a juror in the superior court for King county, a demurrer was interposed to the amended complaint and sustained by the trial court. The appellants elected to stand on their amended complaint and judgment of dismissal was entered against them, from which they appeal.

[1]Reported in 207 Pac. 681.

The amended complaint charges that Mary Kildall, with eleven other jurors engaged in the trial of a cause, was, at the direction of the judge presiding, taken to dinner by two bailiffs; that they were instructed to follow the orders and directions of the bailiffs, who were ordered to keep the jurors together and separate from all other persons. It is alleged that, on the return from the place where dinner was furnished to the jurors to the court house, the bailiffs caused the jurors to walk two and two, preceded by a bailiff at the head of the column and followed by the other bailiff at the rear. So conducted, the jurors were led into that part of a busy street where vehicles had the right of way and pedestrians had no right to be, without opportunity to see or avoid approaching traffic, and there an automobile, moving at a very great rate of speed, ran into the column, striking down and very seriously injuring Mrs. Kildall.

Appellant's briefs range over a very wide field and present numerous authorities thought to bear on the case. Respondent presents the single contention that the persons alleged to have been the servants of the county, and for whose acts the county is sought to be held, were not, in law or in fact, the servants of the county, and that the rule of *respondeat superior* cannot be invoked, and that hence the complaint fails to state a cause of action.

It is insisted by the appellant that our statute, Rem. Compiled Statutes, § 951, by direct and positive language gives the right of action in such case as this. The section relied on is as follows:

"An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract, (etc.) or for an injury to the rights of the plaintiff arising

from some act or omission of such county or other public corporation."

Under this statute counties have been held liable for neglects or omissions of duty in respect to their county affairs. Thus, in *Kirtley v. Spokane County*, 20 Wash. 111, 54 Pac. 936, it was held that, while at common law a municipal corporation is not liable to an individual for neglect to keep a highway in repair whereby he suffers an injury in using it, under this statute the county was suable. See, also, *McClung v. King County*, 119 Wash. 14, 204 Pac. 1064; *Bergen v. Lewis County*, 95 Wash. 499, 164 Pac. 73; *Arishin v. King County*, 103 Wash. 176, 173 Pac. 1020; *Conger v. Pierce County*, 116 Wash. 27, 198 Pac. 377.

Appellants also invoke the aid of various other statutory provisions, as § 11052, Rem. Compiled Statutes, which gives to every court of record power to appoint as many bailiffs as may be necessary; and Rem. Code, § 8983, which provides that, "Bailiffs of the several superior courts of this state, appointed by the respective judges thereof, shall be paid for their services, not to exceed three dollars per day, by the county in which the court is held." Also § 10975, Rem. Comp. Stat., reading:

"From time to time, the superior judge of the county shall certify the amount due any such bailiff, and order the payment thereof; and thereupon the county auditor shall issue to such bailiff a warrant on the county treasurer, payable out of the general fund, for the amount so certified."

And, also, ch. 141, Laws of 1919, p. 391, § 1, which reads:

"Bailiffs of the several superior courts, appointed by the respective judges thereof, in counties of this state having a population of more than one hundred fifty thousand, shall be paid for their services one hundred and twenty-five dollars per month by the county in which the court is held."

It is also asserted by appellant that, while the bailiffs are appointed by the judges of the superior court, they serve both the state and the county. *State ex rel. Dyer v. Twichell,* 4 Wash. 715, 31 Pac. 19; *In re Salary of Superior Court Judges,* 82 Wash. 623, 144 Pac. 929, and that by reason of being paid by the county, and having to do only with the business of the court within the county, bailiffs become county employees. There are also other statutes which provide that the court shall direct that food be provided for jurors when kept together, and that the food be provided at the expense of the county. Sections 349 and 350, Rem. Compiled Statutes.

It is said in argument that a bailiff acting under the direction and supervision of the judge of the superior court is in no different position than that of a road or bridge supervisor or foreman acting under the direction and supervision of the county commissioners, whose negligent act or omission will, under the cases heretofore cited, bind the county.

That cannot be true. Rem. Comp. Stat., § 3984, referring to the powers of the county, provides:

"Its powers can only be exercised by the county commissioners, or by agents or officers acting under their authority or authority of law."

A road supervisor or bridge foreman is employed by, and under the direct control of, the county commissioners.

But it is argued that it is the duty of the county commissioners to provide properly for its jurors while performing their functions, and that bailiffs have authority by law to take charge of, keep separate from others, prevent communications with, and provide food, under the direction of the court, for such jurors, though the manner in which these duties shall be performed is not fixed and defined by law.

Under the statutes heretofore referred to, bailiffs can only be appointed by the judges. County commissioners, who exercise the county powers and authority, have no power to hire and discharge bailiffs, or to direct their duty. Judges are public officers, and not servants or employees of the county. They are created by the constitution. Article IV, § 1, Constitution of Washington.

"Courts generally refuse to hold municipalities responsible in damages for the acts of their officers whose duties pertain to strictly public matters. In such cases the officer is looked upon, not as a servant of the corporation, but as a public officer, responsible directly to the laws. If such an officer commits an actionable tort, the action is against him, and not against the municipal corporation." 5 Thompson Commentaries on the Law of Negligence, § 5818.

No one will contend that the judge of the superior court, who directed the jurors to be kept in the control and custody of the bailiffs, would be answerable in damages for the injuries that resulted from the negligence of either of the bailiffs; yet the bailiffs are responsible only to the judges. The judges hire and discharge them; they direct them in the performance of their duties; no other power or official has any other authority or control over them whatever.

"It may be observed, in the next place, that when it is sought to render a municipal corporation liable for the *act of servants or agents, a cardinal inquiry is, whether they are the servants or agents of the corporation.* If the corporation appoints or elects them, can control them in the discharge of their duties, can continue or remove them, can hold them responsible for the manner in which they discharge their trust, and if those duties relate to the exercise of *corporate* powers, and are for the peculiar benefit of the corporation in its local or special interest, they may justly be regarded as its agents or servants, and *the maxim of respondeat superior applies.* But if, on the other hand, they are elected or appointed by the corporation, in

obedience to the statute, to perform a *public service,* not peculiarly local or corporate, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers of the government, if they are independent of the corporation as to the tenure of their office and the manner of discharging their duties, they are not to be regarded as the servants or agents of the corporation, for whose acts or negligence it is impliedly liable, but as independent public or State officers with such powers and duties as the statute confers upon them and *the doctrine of respondeat superior is not applicable.* It will thus be seen, on general principles, it is necessary, in order to make a municipal corporation impliedly liable on the maxim of *respondeat superior* for the wrongful act or neglect of an officer, that it be shown that the officer was *its* officer, either generally or as respects the particular wrong complained of, and not an independent public or State officer; and, also, that the wrong was done by such officer while in the legitimate exercise of some duty of a *corporate* nature which was devolved on him by law or by the direction or authority of the corporation." 4 Dillon, Municipal Corporations (5th ed.), § 1655.

The same work, in § 1656, says:

"Agreeably to the principles just mentioned, *police officers appointed by a city are not its agents or servants* in such a sense as to render it responsible for their unlawful or negligent acts in the discharge of their public duties as policemen; . . ."

The duties of bailiffs of the superior court are more like the duties of police officers or sheriffs. They are an essential part of the administration of justice. Their duties are public and independent, except to the superior who appoints them. They are not the servants of the county, and the county cannot be held liable for their acts or omissions except as provided by law. They are certainly not such servants or agents of a county as to render the county liable upon

the principle of *respondeat superior*. See, also, *Smith v. Seattle School District No. 1*, 112 Wash. 64, 191 Pac. 858, and cases there cited.

The accident and injuries were very regrettable, but the right of recovery is not against the county.

The demurrer was properly sustained and the action properly dismissed.

Affirmed.

MAIN, MACKINTOSH, BRIDGES, HOVEY, and MITCHELL, JJ., concur.