THE STATE OF WASHINGTON, *on the Relation of* JOHN PISCHUE, *Respondent and Cross-appellant*, v. ABE N. OLSON, *as Clerk of King County, Appellant*.[1]

[1]Reported in 21 P. (2d) 516.

Robert M. Burgunder and Arthur M. Hare (J. Speed Smith, Judson F. Falknor, William G. Long, and Alfred J. Schweppe, of counsel), for appellant.

Daniel Landon, Edgar S. Hadley, and Herbert O. Landon, for respondent and cross-appellant.

Padden & Moriarty, Harroun, Maloy & Shidler, Lundin, Barto & Devin, Kahin & Carmody, Tom S. Patterson, Hyland, Elvidge & Alvord, Roberts, Skeel & Holman, Charles T. Donworth, and Peters, Evans & McLaren, Amici Curiae.

MITCHELL, J.—This is an appeal from a judgment of the superior court for King county, holding invalid the fee section of chapter 59, Laws of 1933, p. 327, the chapter being an act creating four additional judgeships for King county and providing for an increase in filing fees to pay the salaries of the judges.

After the enactment of the law, which contains an emergency clause, John Pischue presented to the clerk of the superior court for King county, for filing, a summons and complaint in damages against a resident of that county. The clerk refused to file the case except upon the payment of a fee which included the increase provided for by the new act. Pischue refused to pay more than the amount of the fee formerly prevailing, and brought this action in mandamus in the superior court to test the validity of the new act. The county clerk filed a general demurrer to the application for a writ of mandamus. The demurrer was overruled, and a judgment entered holding § 1 of the act, providing for the extra fee, to be void, and directing the clerk to file the civil action for damages upon pay-

ment of a fee under the old law. The county clerk has appealed. John Pischue, the relator in the superior court, has cross-appealed on account of the refusal of the court to declare the rest of the act to be invalid.

The subject of the act is: "Additional Judges for King County." The title of the act is:

"An Act relating to the superior court of the State of Washington in class A counties; providing for additional judges therein and for their appointment and election, and for their compensation by an increase in court filing fees, and declaring an emergency."

Section 1 of the act is as follows:

"Section 1. In every civil action hereafter commenced in the superior court of this state in and for the counties to which this act is applicable, there shall be paid to the clerk of the court, in addition to any other fees now required by law, by the plaintiff or person instituting the action, when the case is entered in the court, or when the first paper on his part is filed therein, a fee of two dollars ($2.00), and by the defendant, or other adverse party, and by an intervenor or by groups of two or more defendants, or other adverse parties or intervenors appearing separately from the others, when his or their first appearance is entered in the case, or when his or their first paper is filed therein, a fee of two dollars ($2.00). Such fees shall be costs in the case and taxable as such. The clerk shall pay the same into the county treasury, where they shall go into the judges' special salary fund, which is hereby created, and be expended only in the manner hereinafter provided."

Section 2 is as follows:

"Sec. 2. The governor shall, upon the taking effect of this act, appoint four additional judges for the counties to which this act is applicable, who shall hold their office from the time of their appointment until their successors are elected and qualified, which said successors shall be elected at the general election to be held in November, 1934, to serve until the second Mon-

day in January, 1937: *Provided,* That the successors so elected shall not be entitled to qualify until the second Monday in January, 1935; and, commencing with the second Monday in January, 1937, the succeeding terms of judges under this act shall be four years."

Section 3 is as follows:

"Sec. 3. The judges so appointed or elected shall receive a salary solely from the judges' special salary fund created in section 1 of this act in an amount equal to the salary of superior judges in such counties, payable, as nearly as may be, at the times and in the manner in which superior judges' salaries are payable; and said judges shall be obliged to look solely to said fund for their compensation; and in the event the sums realized under the provisions of section 1 of this act shall at any time be insufficient for the full payment of the salaries of all the judges holding office under this act, the available funds shall be divided between them on a pro rata basis; but in the event of such deficiency in the said fund, the right of each of said judges to his full salary shall be deemed cumulative, with respect to moneys thereafter paid into said fund, up to but not beyond the date of his retirement from office."

The remaining sections of the act are not important here, other than section 5, which consists of the emergency clause.

The appellant contends that § 1 of the act, relating to fees, is not repugnant to the state constitution, and is valid as being within the power of the legislature, under the familiar rule that the state constitution is a limitation upon, rather than a grant of, power to the legislature, or, as was said in *Paine v. Port of Seattle,* 70 Wash. 294, 126 Pac. 628, 127 Pac. 580:

"It is elementary constitutional law that the legislature of a state may enact any law not expressly or inferentially prohibited by the constitution of the state or nation."

Also, as stated in *Standard Oil Co. v. Graves,* 94 Wash. 291, 307, 162 Pac. 558:

"The state constitution is a limitation upon the actions and powers of the legislature, instead of a grant of power. So far as the power of the legislature is not limited by the constitution, it is unrestrained."

Other cases to the same effect are *Fleetwood v. Read,* 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205; *State v. Fair,* 35 Wash. 127, 76 Pac. 731, 102 Am. St. 897; *Walker v. Spokane,* 62 Wash. 312, 113 Pac. 775, Ann. Cas. 1912C, 994; *State ex rel. Mountain Timber Co. v. Superior Court,* 77 Wash. 585, 137 Pac. 994; *State ex rel. Anderson v. Superior Court,* 119 Wash. 406, 205 Pac. 1051.

The pertinent provision of the state constitution is found in article IV, § 13, as follows:

"The judges of the supreme court and judges of the superior courts shall severally, at stated times, during their continuance in office, receive for their services the salaries prescribed by law therefor, which shall not be increased after their election, nor during the term for which they shall have been elected. The salaries of the judges of the supreme court shall be paid by the state. One-half of the salary of each of the superior court judges shall be paid by the state, and the other one-half by the county or counties for which he is elected. In cases where a judge is provided for more than one county, that portion of his salary which is to be paid by the counties shall be apportioned between or among them according to the assessed value of their taxable property, to be determined by the assessment next preceding the time for which such salary is to be paid."

With respect to this provision of the constitution, appellant makes his position clear by stating that "the purpose of this provision as to superior court judges' salaries was merely to set up a principle of contribution as between the state and county. It has no other

purpose whatsoever.'' With this contention, however, we cannot agree.

A judge of the superior court is both a state officer and a county officer. The constitution says one-half of the salary of a superior court judge shall be paid by the state. In this act, the state is not required to pay anything. The constitution says the other one-half of the judge's salary shall be paid by the county or counties. Under this act, the county or counties do not pay anything. Under the act, the additional judges, whether considered state or county officers, are paid, to the extent they receive any compensation, by the litigants in the superior court for a single county. Under the act, the additional judges, with a maximum compensation fixed by another act equal to the salary of the other judges in the county, are relegated for the pay they may actually receive to fees, the amount of which is as uncertain as they were under the old disfavored fee system. The other judges in the same county, by a wholly inconsistent plan or method provided in the constitution, are *paid* both by the state and the county, as to its respective proportion, in a specified amount, with the certainty of the power of general taxation.

It is argued by some of the many attorneys helping in the case that to compensate the additional judges without any cost to the state or county, as the act in question contemplates, should not be held to violate the constitution. Why not? The state, in providing for superior court judges, public servants of the state and county, has declared in its constitution that the salaries (not the salaries of part of them, but all of them) *shall be paid* by the state and the county, with the dependability, as already stated, of the exercise of the power of general taxation. If the legislature may pro-

vide such mode of meeting the so-called salaries of a part of the judges of a county as that provided in this act, it may designate a different plan for each and every other one of the judges in that county, or one plan for the judges for one county and other plans for those of other counties, all of which may be different from the plan provided in the constitution, that they shall be paid by the state and the county.

It is not required that the constitution, in limiting the power of the legislature, shall use the word "prohibit." The prohibition may be expressed or *inferential.* *Paine v. Port of Seattle,* 70 Wash. 294, 126 Pac. 628, 127 Pac. 580. The legislature, by undeniable inference, in our opinion, has in this act overstepped the limitations fixed by the constitution.

Appellant cites the case of *Hamilton v. St. Louis County Court,* 15 Mo. 3. That was a case in which the legislature increased the salaries of judges in St. Louis, who were, in part, state officers, and required the increased salary to be paid by the county. It was claimed that the act violated the state constitution. The decision was to the contrary. The provisions of the state constitution that were involved in that case were in no way similar to the constitutional provision involved in our case. In the Missouri case, the court discussed " . . . the 19th section of the 13th article of the Constitution, which declares, that 'all property subject to taxation in this State, shall be taxed in proportion to its value,' and to the 7th section of the same article, which declares, 'that no private property ought to be taken for public use without just compensation.' "

The decision in that case and the reasons for it differ so materially from the controlling considerations in the present case that we cannot consider that case as authority in the present one.

Appellant relies also on the case of *In re Salary of*

*Superior Court Judges,* 82 Wash. 623, 144 Pac. 929. But that case is not in point. In that case, it appears that the legislature had enacted a law to the effect that, in counties of the first class, the county commissioners may increase the salaries of superior court judges to an amount not exceeding $4,000, all of the increase to be paid by the county, and it was held that, in view of the constitution, article XI, § 12, authorizing the county to make expenditures for county purposes, and the fact that the judges serve county purposes, the law providing for the increase in the salaries was valid. In that case, after the law had been enacted, the county commissioners of Pierce county, a county of the first class, acting under the statute, entered an order increasing to the full extent provided by the act the salaries of the superior court judges to be elected at the next ensuing election. When the salaries became payable, the county auditor refused to draw warrants for the amount of the increase, and the action was brought in the superior court to compel him to do so. There was judgment against the auditor, which was affirmed on appeal.

The whole theory of that case, however, was that the legislature had the power to provide, as it did, that, in counties of the first class, the county commissioners may increase the salaries of the judges to an amount not exceeding $4,000, all of the increase to be paid by the county, in view of the state constitution, article XI, § 12, authorizing the county to make expenditures for county purposes, and in consideration of the fact that the judges do serve a county purpose. The court, in deciding the case, said:

"It seems to us clear therefore that the superior courts and the judges thereof occupy a somewhat dual position; that they perform both state and county functions, and serve both state and county purposes, and,

hence, are officers for whose support the counties may make appropriations from county funds.''

But the act of the legislature involved in that case was in no sense repugnant to the constitution. It preserved all the essentials of the constitution, that the judges should be paid by the state and county. That act simply vested in the corporate authorities of counties of that class *the power to assess and collect taxes for county purposes to the amount limited by the statute.*

 With respect to the cross-appeal, involving the validity of § 2 of the act providing for the appointment of the additional judges, the county clerk contends that the cross-appeal cannot be maintained, because of the rule that ''a person cannot invoke a constitutional objection to a part of a statute not applicable to his own particular case,'' citing *State v. Bowen & Co.,* 86 Wash. 23, 149 Pac. 330, Ann. Cas. 1917B, 625. The test, it is seen, is the applicability to his own particular case of that portion of the statute complained of, and depends, so far as this case is concerned, upon the separability of the provisions of the act for the appointment of the additional judges from the section of the act providing for additional court filing fees. That is, if, according to the scheme of the act, the two provisions are equally important, a person complaining has the right to attack both provisions. He shall not be confined to an attack upon the one in preference to the other. If so, which one?

 Next, we consider the question of the separability of the two features of the plan and purpose of the act. The rule on this subject is stated and discussed in 1 Cooley's Constitutional Limitations (8th ed.), commencing on page 359, in dealing with the subject of ''Statutes Unconstitutional in Part,'' wherein,

upon speaking with more particularity on page 362, the author says:

"If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect complete and valid as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fail unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently, then if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them."

The rule has been specifically recognized in this state. In *Pullman State Bank v. Manring,* 18 Wash. 250, 51 Pac. 464, the court followed a decision of the supreme court of the United States by quoting therefrom as follows:

" 'The general proposition must be conceded, that in a statute which contains invalid or unconstitutional provisions, that which is unaffected by these provisions, or which can stand without them, must remain. If the valid and invalid are capable of separation, only the latter are to be disregarded.' *Supervisors v. Stanley,* 105 U. S. 305."

The declaration of the rule in that case was approved in the later case of *State v. Nelson,* 146 Wash. 17, 261 Pac. 796. Other and abundant authorities to the same effect need not be cited, the rule being well settled. The difficulty in many cases is in determining whether the good and bad parts of a statute are capable of being separated, within the meaning of the rule.

As applied to the present case, we notice that the section of the act providing for the increase in court

filing fees directs that they go into a fund known as the *"judges special salary fund,"* created by the act, not into a more general fund into which other like fees go, and that they be *expended only in the manner provided in the act.* Section 2 of the act provides for the appointment of additional judges, their terms of office, and the election of their successors. Section 3 of the act is very specific in important particulars. It says: "The judges so appointed or elected shall receive a salary solely from the judges special salary fund created by section 1 of this act." Manifestly, the legislature never intended that the judges should render services without compensation, so that, if the judges provided for in § 2 are dependent for their pay upon the validity and operation of § 1 of the act, then the provisions of § 2 of the act are not *unaffected* by the provisions of § 1 of the act, more particularly so as insisted upon in § 3 of the act, which says: " . . . and said judges shall be obliged to look solely to said fund for their compensation."

Still further in this respect, and in keeping with the declared plan of the law, § 3 says that, if the sums realized under § 1 of the act shall at any time be insufficient for the full payment of the salaries of all of the judges holding under the act, the available funds shall be divided among them on a *pro rata* basis, their rights being cumulative with respect to moneys thereafter paid into the fund up to the date of their retirement from office. No other provision is made for their compensation. The fees can go only into the special fund. The additional judges must look only to that fund for their pay.

The sections of the act relate to one cognate subject, viz: provision for four additional judges for King county, and how they shall be paid. If one portion of the law to accomplish that purpose fails, the other can-

not stand. They are so mutually connected with and dependent upon each other, as conditions, considerations and compensations for each other, as to necessarily warrant the conclusion that the legislature intended them as a whole. Under the rule applicable to this case, in view of the specific and particular terms of the act, and it having been held that the part of the act relating to an increase in court filing fees is invalid, it necessarily follows that the other portion relating to the appointment of additional judges must also fall.

We may say that the case is important, and the result in a very great way regrettable, but a fair consideration of the terms of the act necessarily leads to our decision, which is made in full recognition of the common and acceptable rule that courts will not declare an act void unless its invalidity is so apparent as to leave no reasonable doubt upon the subject.

The appeal is without sustaining merit. The cross-appeal is well taken. The effective judgment entered in the superior court being in favor of the plaintiff, it will be and is affirmed.

BLAKE, HOLCOMB, STEINERT, and MILLARD, JJ., concur.

TOLMAN, J. (dissenting)—In my opinion, the constitutional provision quoted by the majority is no wise prohibitory, even by implication. The sole purpose of that provision of the constitution is to maintain an equality of liability as between the state and the counties, and therefore, if the legislature sees fit to provide for the payment of judge's salaries in a way to place no burden upon either the state or the counties, there is nothing in the constitution to prevent such action.

The only serious question to my mind is whether or no the legislature may exempt the state and the counties from any liability to pay such salaries in the event

that the special fund provided for in the act shall prove insufficient to pay the salaries in full. That question, however, is not now before the court, and can only be raised by someone who may be injured in the event that the fund proves to be insufficient and whose earned salary is not paid to him. If and when such a situation arises, anyone injured thereby should be permitted to raise the question of the power of the legislature to exempt the state or the counties from the duty of paying for services rendered.

I therefore dissent.

BEALS, C. J., and MAIN, J., concur with TOLMAN, J.

[1]Reported in 21 P. (2d) 514.