[No. 56320–9. En Banc. February 1, 1990.]

BJORN VIKING BOLIN, *Appellant,* v. KITSAP COUNTY, ET AL, *Respondents.*

*R.S. Wilson, Inc., P.S.,* and *Scott Jablon,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Reinhold P. Schuetz, Deputy,* for respondents.

UTTER, J.—Bjorn Viking Bolin, appellant in this matter, seeks compensation under the Industrial Insurance Act for injuries incurred while returning home from jury service. The Board of Industrial Insurance Appeals reversed a proposed decision in Bolin's favor by an industrial appeals judge and found no coverage. The trial court, in turn, affirmed the board's decision. We reverse the trial court and find that Bolin is covered under the Industrial Insurance Act and is entitled to compensation.

Bjorn Bolin served as a juror for the Superior Court for Kitsap County. On April 18, 1984, following jury service, he drove directly home and was seriously injured in an automobile accident en route. Kitsap County paid Bolin $14.35 for mileage at the rate of 20.5 cents per mile, and $10 per day for jury service.

This appeal presents two issues—whether Bolin was an employee of Kitsap County when serving as a juror, and whether Bolin was injured in the course of his employment. We find that he was an employee of Kitsap County while serving as a juror and that the car accident occurred in the course of his employment.

■ The liberality of Washington's workers' compensation statute forces the conclusion that jury service is employment under the act. Washington's workers' compensation law defines "employee" to include "all officers of the state . . . counties . . . or political subdivisions" and all workers. RCW 51.08.185. The statute defines "every person . . . in the employment of an employer" as a worker. RCW 51.08.180. Our act states:

> There is a hazard in all employment and it is the purpose of this title to embrace all employments which are within the legislative jurisdiction of the state.
> This title shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment.

RCW 51.12.010. Unlike many states which list or define employments *included,* our act lists only employments *excluded. See* RCW 51.12.020. Jury service is not within the list of those employments excluded. In addition, our Industrial Insurance Act has been construed liberally, subject to reasonable limitations. *Scott v. Department of Labor & Indus.,* 77 Wn.2d 888, 890, 468 P.2d 440 (1970); *Sacred Heart Med. Ctr. v. Carrado,* 92 Wn.2d 631, 635, 600 P.2d 1015 (1979).

■ The question of whether jurors are covered differs from most other workers' compensation issues inasmuch as jurors are involuntary workers, rather than workers subject to traditional employment relationships based on consent of both parties. We have implicitly held that involuntary service may be employment under the Industrial Insurance Act. *See Rector v. Cherry Vly. Timber Co.,* 115 Wash. 31, 196 P. 653, 13 A.L.R. 1247 (1921) (holding that a soldier ordered to work on private land was voluntarily employed, covered by workers' compensation, and barred from common law remedies). The view that jurors are not covered because their employment is involuntary cannot be reconciled with the cases in this jurisdiction and those of our sister states that citizens impressed into various kinds of civic service may recover. *Accord,* Note, *Jurors as Nonvoluntary*

*Employees under Workmen's Compensation Law,* 74 Dick. L. Rev. 334–46 (1969).

Because Bolin's entire service was involuntary, this court's recent decision in *Novenson v. Spokane Culvert & Fabricating Co.,* 91 Wn.2d 550, 588 P.2d 1174 (1979) does not control this case. In *Novenson,* this court enunciated a 2–part test to determine whether an employment relationship existed for purposes of the Industrial Insurance Act. We held that "an employment relationship exists only when: (1) the employer has the right to control the servant's physical conduct in the performance of his duties, and (2) there is consent by the employee to this relationship." *Novenson,* at 553.

*Novenson* dealt with a question substantially different from that before the court in this case. The plaintiff there worked for a temporary agency, Kelly Labor of Northwest, Inc., which assigned him to Spokane Culvert. While working at Spokane Culvert's plant he injured his hands. He collected workers' compensation from Kelly Labor, and then sued Spokane Culvert. Spokane Culvert obtained summary judgment as an employer covered by workers' compensation and therefore immune from tort suit.

On appeal this court reversed, stating that a worker has an election of remedies when injured by one "'not in the same employ'". *Novenson,* at 552. That case revolved around the nature of liability between an employer and a third party, the issue then before the court. For those purposes, the law requires the employee's consent, lest an employment relationship be implied without his consent to deprive him of his right to sue at common law. In that context, consent is necessary.

In cases involving jurors, however, the claimant has no common law remedy. The doctrine of judicial immunity still protects the county and the state from tort liability for the acts of judicial and quasi–judicial officials. *Creelman v. Svenning,* 67 Wn.2d 882, 885, 410 P.2d 606 (1966). To apply the *Novenson* consent requirement to the facts of this case does not serve the purpose the *Novenson* court

sought. It does not protect the claimant from involuntarily relinquishing his rights, but instead deprives him of his only means of redress.

Not only would applying the *Novenson* consent requirement conflict with *Novenson's* purpose, its facts, and our precedent on involuntary service, it would also conflict with the logic of amendments to the act introduced since *Novenson* was decided. These amendments have introduced coverage to some persons who are involuntarily employed. Now "employers" of offenders performing community service under court order may elect to cover these "workers." RCW 51.12.045 (added by Laws of 1981, ch. 266, § 1; amended by Laws of 1984, ch. 24, § 4; amended by Laws of 1986, ch. 193, § 1). This extends coverage under our act to a group traditionally not covered by workers' compensation acts. *See* Note, 74 Dick. L. Rev. at 342.

Numerous cases in other states have held that workers' compensation does not cover jurors. *Silagy v. State,* 101 N.J. Super. 455, 244 A.2d 542 (1968), *aff'd,* 105 N.J. Super. 507, 253 A.2d 478, *cert. denied,* 54 N.J. 506, 257 A.2d 106 (1969); *Board of Comm'rs v. Evans,* 99 Colo. 83, 60 P.2d 225 (1936); *Jeansonne v. Parish of East Baton Rouge,* 354 So. 2d 619 (La. Ct. App. 1977); *In re O'Malley's Case,* 361 Mass. 504, 281 N.E.2d 277 (1972); *Metropolitan Dade Cy. v. Glassman,* 341 So. 2d 995 (Fla. 1976); *Hicks v. Guilford Cy.,* 267 N.C. 364, 148 S.E.2d 240 (1966); *Seward v. Bernalillo Cy.,* 61 N.M. 52, 294 P.2d 625 (1956). These cases are not persuasive. As we have previously indicated, many states' statutes list or define the employments included; our state lists only employments excluded. In addition, in states that have found jurors not covered and which use tests for employment similar to that in *Novenson,* those state statutes, unlike Washington's, define employment as "'appointment or contract of hire.'" *See Evans,* 99 Colo. at 85; *Jeansonne,* 354 So. 2d at 620; *O'Malley's Case,* 281 N.E.2d at 278; *Hicks,* 267 N.C. at 366. Although the New Jersey statute contains no such language, New Jersey's intermediate appellate court felt constrained to exclude

jurors from coverage because the New Jersey act, unlike the Washington act, excludes casual employment. *See Silagy,* 105 N.J. Super. at 510; *cf. Norman v. Department of Labor & Indus.,* 10 Wn.2d 180, 116 P.2d 360 (1941).

■■ This court must interpret Washington's statute, not those of other states. Under the language, statutory scheme, and cases construing our act, we conclude that jurors are employees. The more difficult question is whether jurors are employees of the county.

Jurors are employees of the county by virtue of their responsibility to the superior court. Superior court judges are officials of both the state and county as this court has repeatedly held. *See In re Salary of Superior Court Judges,* 82 Wash. 623, 144 P. 929 (1914); *State ex rel. Edelstein v. Foley,* 6 Wn.2d 444, 448, 107 P.2d 901 (1940); *State ex rel. Lawler v. Grant,* 178 Wash. 61, 34 P.2d 355 (1934); *State ex rel. Pischue v. Olson,* 173 Wash. 60, 65, 21 P.2d 516 (1933). *See also Neal v. Wallace,* 15 Wn. App. 506, 508, 550 P.2d 539 (1976) (prosecuting attorney represents judge in mandamus action because the judge is a county and state officer). The county pays half of their salaries, and the county pays all of the costs of providing them with bailiffs, sheriffs, and the like.

Respondents have pointed out that this court's decision in *Kildall v. King Cy.,* 120 Wash. 472, 207 P. 681 (1922) supports the conclusion that the county is not the juror's employer. In that case, this court held that the county was not liable in tort for a bailiff's negligence because it exercised no control over the bailiff. Respondents urge that we apply the reasoning of this case by analogy to jurors. The judge, not the county commissioners, controls both the juror and the bailiff.

The *Kildall* court's holding must be examined in the context of the tort setting in which it arose. In that context, judicial immunity requires that the court hold neither the county nor the judge liable on a theory of respondeat superior for torts. *See Kildall,* 120 Wash. at 476.

When the juror seeks workers' compensation, the purposes of the statute are better served by treating the county as the juror's employer. A judge is not a servant of the county, as the *Kildall* court pointed out. This precludes holding the county liable in tort for a judge's actions or those of a juror under his control. But a judge is an official of the county as well as of the state, and jurors under a superior court judge's control are county employees for purposes of the Industrial Insurance Act.

The sole remaining issue is whether Mr. Bolin was injured in the course of his employment. Mr. Bolin was injured while returning directly to his home after a day of jury service. Under Washington's statute, employees receive compensation only for injuries "in the course of . . . employment". RCW 51.32.010. Thus, Bolin can only receive workers' compensation if his travel to his home was within the course of employment as a juror.

The statute defines acting in the course of employment as "acting at his or her employer's direction or in the furtherance of his or her employer's business". RCW 51.08-.013.

Generally speaking, a worker's commuting is not in the course of his employment. *See Aloha Lumber Corp. v. Department of Labor & Indus.*, 77 Wn.2d 763, 766, 466 P.2d 151 (1970); *Westinghouse Elec. Corp. v. Department of Labor & Indus.*, 94 Wn.2d 875, 880, 621 P.2d 147 (1980). An exception exists, however, when the employer has a customary or contractual obligation to furnish the transportation. *See Westinghouse*, 94 Wn.2d at 880. If the employer has such an obligation, commuting injuries may be within the scope of employment, regardless of whether the employer fulfills his obligation directly, or by compensating the employee for transportation expenses. *See Aloha*, at 772; *Westinghouse*, at 880.[1]

---

[1]The *Westinghouse* decision dealt with two cases in which union contracts provided for reimbursement for mileage. *See N.A. Degerstrom, Inc. v. Department of Labor & Indus.*, 25 Wn. App. 97, 604 P.2d 1337 (1980), *overruled in Westinghouse*, 94 Wn.2d at 882; *Westinghouse Elec. Corp. v. Department of*

 Kitsap County did not have a contractual obligation. It did have a statutory obligation created by RCW 2.36.150, which establishes a custom of paying jurors' transportation.[2] This is sufficient to bring Bolin's accident within the scope of employment.

The trial court is reversed and the case remanded for a determination of the amount of compensation.

CALLOW, C.J., BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., and PEARSON, J. Pro Tem., concur.

Reconsideration denied April 6, 1990.

---

*Labor & Indus.,* 25 Wn. App. 103, 604 P.2d 1334, *aff'd,* 94 Wn.2d 875, 882, 621 P.2d 147 (1980).

The Court of Appeals in *Degerstrom* held that a contractual provision providing transportation expressly as a fringe benefit did not bring commuting within the course of employment. *Westinghouse* overruled this holding and placed great weight on the contractual nature of the obligation to provide transportation expenses.

[2]Kitsap County argues that the statutory obligation does not rise to the level of the contractual obligations at issue in *Westinghouse* and *Aloha.* As respondents point out, the *Westinghouse* court placed great reliance on the fact that the obligation "was for the mutual benefit of employee and employer" in concluding that the obligation to reimburse mileage at issue brought travel to and from work within the course of employment. 94 Wn.2d at 881.

Compensation for mileage benefits the recipient. The question then regarding whether there was a mutual benefit must focus on the benefit to the payer. Jurors can be excused from service upon a showing of "undue hardship" or "extreme inconvenience." RCW 2.36.100. Compensation for mileage expedites trials by taking away excuses, which in turn benefits the county.