No. 13,978.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EAGLE ET AL. *v.* EVANS.

(60 P. [2d] 225)

Decided August 10, 1936.

Mr. PAUL P. PROSSER, Attorney General, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant,

Mr. Harold Clark Thompson, Mr. Hume S. White, for plaintiffs in error.

Mr. M. J. Mayes, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. The claimant, Evans, resident of Eagle county, was summoned and served as a juror at a term of the fifth judicial district court held at said county, and alleged that in consequence of circumstances attending the service he was made sick and on return to his home had a chill, which was followed by pneumonia. He claims that under section 4383, C. L. 1921, as amended by chapter 175, page 818, Session Laws 1931, he was an employee of the county and entitled to compensation benefits. The award of the commission was adverse to claimant, but the trial court adjudged in his favor. The county, the commission, and the State Compensation Insurance Fund challenge the judgment, and contend: (1) That the juror was not a county employee within the meaning of the compensation act; (2) that while serving as a juror claimant's employment was casual and not in the course of the usual occupation of the county; (3) that the disease of pneumonia, the basis of claimant's demand, was not caused by accident arising out of and in the course of his employment. We dispose of the case on the first point.

It appears that claimant, 70 years of age, summoned for June 11, 1933, served actively as a juror in the trial of a criminal case June 12, 13 and 14; that after midnight of the 13th, agreement not having been reached in the case, which had been submitted, the jury was lodged in the county jail for the remainder of the night; that the sheriff supplied the jurors with small mattresses, but with no covering; that the next morning claimant suf-

fered with a cold, which continued after his return home in the afternoon of that day (Thursday); that home remedies were administered and he appeared to be "resting easy"; that Sunday, following, a doctor was called who said "it looked like pneumonia," as eventuated; that the "crisis" came the next Tuesday or Wednesday night, after which claimant slowly improved for about two weeks; that after the pneumonia had seemingly run its course, claimant's lungs showed signs of congestion; that the doctor then advised that he be taken to the Oak Creek hospital, which was done July 7, 1933, where, his illness persisting, he continued for about four weeks; that for a couple of months after his discharge from the hospital claimant could not sit up all day; that never thereafter was he able to work as before.

In its formal award against claimant, the commission said: "The disease of pneumonia for which claimant claims compensation was not contracted as the result of an accidental injury within the meaning of the Workmen's Compensation Act. Further, that claimant was not an employee of the County of Eagle, within the meaning of the * * * act and that if an employee of said County, such employment was but casual and not [in] the usual course of trade, business, profession or occupation of said County." As applicable here, the statute—already cited—defines the term "employee" as follows: "(a) Every person in the service of the state, or of any county * * *, under any appointment or contract of hire, express or implied, except an elective official of the state, or any county, * * *."

We cannot think the status of a juror is that of an employee serving, to quote the statute, by "appointment or contract of hire, express or implied." Jurors are selected, summoned and serve pursuant to statute. §§5839-5849, C. L. 1921. Their compensation is fixed by like authority. §7905, C. L. 1921, as amended. S. L. '29, p. 425, c. 119. It is true that except in instances

where jury fees are taxed to parties litigant, the county must discharge that burden; but neither the service of the juror nor the obligation of the county, as we conceive, comes of appointment or contract. The county does not negotiate with a citizen for his services as a juror, nor does the citizen apply to the county for such preferment. When a citizen is summoned to jury service he responds to process running in the name of the people, which imports such dignity that it commands respect, and is of such force that none disobeys. By the majesty of the law, therefore, not by contract, he becomes a juror. Neither he nor the county is consulted as to whether, or when, he shall serve, or as to the duration of his service or the compensation therefor. A juror, it seems proper to say, has to do with the gravest affairs of men, and what he determines as to matters submitted to him is not subject to control from any source whatever. The legislative branch of the government has not said that a juror is an employee of the county, and it does not lie with the judicial branch to belittle the functions of his great office by so declaring. Indeed, we are not at liberty to extend the statutory provisions. *Colorado F. & I. Co. v. Industrial Com.*, 88 Colo. 573, 298 Pac. 955. Jury service, as has been said, "Is a temporary employment from which the person is relieved as soon as the duty is performed. The duty to serve as a juryman is an obligation to the community in which he resides, and his consent to serve is not essential. His position as a juryman is not the result of contract." *The Queen v. Lui Self,* 8 Hawaiian 434. "A juror * * * is neither appointed nor elected to his position of duty." *People v. Hopt,* 3 Utah 396, 4 Pac. 250. For extended discussion of general principles in varying instances, see *Mann v. City of Lynchburg,* 129 Va. 453, 106 S. E. 371; *Industrial Commission v. Shaner,* 127 O. St. 366, 188 N. E. 559; *Vaivida v. Grand Rapids,* 264 Mich. 204, 249 N. W. 826; *Los Angeles v. Industrial Commission,* 35 Cal. App. 31, 169 Pac. 260;

*Board of Trustees v. Industrial Commission,* 149 Okla. 23, 299 Pac. 155; *Murray County v. Hood,* 163 Okla. 167, 21 P. (2d) 754. We have given attention to *Industrial Commission v. Rogers,* 122 O. St. 134, 171 N. E. 35, 70 A. L. R. 1244, 1248, cited by counsel for defendant in error. That is the only case of which we are advised where a juror has sought an award of compensation benefits, and *there* the juror prevailed. The learned court of that pronouncement is greatly to be respected, but we are not persuaded to its view of the office of a juror, or as to the genesis of his selection. In no conceivable sense, we think, is a juror engaged by or for the county by appointment, or contract of hire, or at all. He functions as part of the judicial machinery, and is as indispensable to its ongoing as is the judge of the court where he serves. The Ohio court observed that the question was "close," and reviewing it subsequently, remarked in like manner. *Industrial Co. v. Shaner, supra.*

Let the judgment be reversed, the trial court to order in conformity with this opinion.

MR. CHIEF JUSTICE CAMPBELL, MR. JUSTICE BUTLER and MR. JUSTICE HOLLAND concur.