MRS. MAUDE B. HICKS, PLAINTIFF-EMPLOYEE, v. GUILFORD COUNTY, EMPLOYER-DEFENDANT AND BITUMINOUS CASUALTY CORPORATION, DEFENDANT-CARRIER.

(Filed 25 May, 1966.)

**1. Master and Servant § 47—**

A claimant under the Compensation Act must prove as a jurisdictional basis that the employer-employee relationship existed.

**2. Master and Servant § 93—**

The findings and conclusion of the Industrial Commission with respect to the existence of the employer-employee relationship are not conclusive but are reviewable by the courts on appeal.

**3. Master and Servant § 45—**

The rule that the Workmen's Compensation Act must be liberally construed does not apply to the determination of the question of whether the relationship of the claimant to the person from whom compensation is claimed was one to which the Act applied.

**4. Same—**

The Workmen's Compensation Act provides compensation to an employee who sustains an injury by accident arising out of and in the course of his employment without regard to whether his injury is caused by negligence attributable to the employer, but the Act also deprives an employee of certain rights which he had under the common law, and imposes limitations and restrictions as well as benefits.

**5. Master and Servant § 47—**

A claimant under the Compensation Act must be an employee engaged in an employment under an appointment or contract of hire or apprenticeship, express or implied, and the coverage of the act extends to those whose employment is under the compulsion of legal process, but it is necessary that a claimant be an employee within the definition of the Act as a jurisdictional requirement. G.S. 97-2(2).

**6. Master and Servant § 49—**

A juror is not an employee of the county, and the Compensation Act does not apply to an injury sustained by a juror in the course of his or her service as such.

MOORE, J., not sitting.

APPEAL by defendants from *Latham, S.J.,* 7 June 1965 Civil Session of GUILFORD.

The plaintiff seeks to recover benefits under the North Carolina Workmen's Compensation Act for injuries sustained by her while serving as a petit juror at a term of the Superior Court of Guilford County. She was duly summoned to serve as a juror and, in response, presented herself at the courthouse when the term of the court began. She was selected as a member of the jury in a case

and, as such, sat and heard the evidence. The jury retired to the jury room and reached its verdict. Before the jury returned to the courtroom to report the verdict to the court, Mrs. Hicks went to the wash room. Upon leaving the wash room she missed a step at the door, fell and sustained the injury from which her disability resulted. She was taken back into the courtroom with the rest of the jury to render the verdict. Thereupon she was discharged from further jury duty and sent to the hospital.

The Hearing Commissioner found that Guilford County is subject to the Workmen's Compensation Act, that Bituminous Casualty Corporation is its compensation insurance carrier and that the plaintiff sustained an injury by accident while serving as a juror for Guilford County. He denied compensation for the reason that the plaintiff was not an employee of the county within the meaning of the Workmen's Compensation Act. On appeal to the Full Commission the order of the Hearing Commissioner was reversed, the plaintiff was found to be an employee of the county within the meaning of the Act, she was found to have sustained an injury by accident arising out of and in the course of her employment, resulting in no permanent disability and in no temporary disability in excess of seven days. Consequently, the Full Commission ordered that the defendant pay medical and hospital expenses but did not award compensation for disability. From this order of the Full Commission, the defendant appealed to the Superior Court. The Court overruled the exceptions of the defendant, thus affirming the order of the Full Commission. The defendant appealed from that judgment to this Court. The sole question is whether a juror, regularly summoned and serving, is an employee of the county within the meaning of the North Carolina Workmen's Compensation Act.

*Dupree, Weaver, Horton, Cockman & Alvis for defendant appellants.*

*George W. Gordon for plaintiff appellee.*

LAKE, J. A person who seeks to recover benefits under the Workmen's Compensation Act must prove that he is a member of a class embraced in the Act. *Richards v. Nationwide Homes,* 263 N.C. 295, 139 S.E. 2d 645. The Act applies only where the employer-employee relationship exists. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137. The question of whether this relationship existed at the time of the claimant's injury is jurisdictional and, therefore, the finding or conclusion of the Industrial Commission with respect thereto is not conclusive but is reviewable by the court on appeal. *Askew v. Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280. The Industrial

Commission has no jurisdiction to apply the Act to a person not subject to its provisions. *Richards v. Nationwide Homes, supra.* The rule that the provisions of the Act are to be given a liberal construction does not apply to the determination of the question of whether the relationship of the claimant to the person from whom compensation is claimed was one to which the Act applied. *Hayes v. Elon College, supra.*

Johnson, J. said, in *Vause v. Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173:

> "The philosophy which supports the Workmen's Compensation Act is 'that the wear and tear of human beings in modern industry should be charged to the industry, just as the wear and tear of machinery has always been charged. And while such compensation is presumably charged to the industry, and consequently to the employer or owner of the industry, eventually it becomes a part of the fair money cost of the industrial product, to be paid for by the general public patronizing such products.' [Citations omitted.] However, it must be borne in mind that the Act was never intended to provide the equivalent of general accident or health insurance."

To the same effect, see *Taylor v. Twin City Club,* 260 N.C. 435, 132 S.E. 2d 865.

The Workmen's Compensation Act provides compensation for an employee who sustains an injury by accident arising out of and in the course of his employment without regard to whether his injury was caused by negligence attributable to the employer, but the Act also deprives the employee of certain rights which he had at the common law. *Lee v. American Enka Corp.,* 212 N.C. 455, 193 S.E. 809; G.S. 97-9; G.S. 97-10.1. Thus, one who is held to be within the coverage of the Act is subject to its limitations and restrictions as well as being eligible for benefits thereunder.

G.S. 97-2 provides:

> "*Definitions.*—When used in this article, unless the context otherwise requires — * * *
>
> "(2) Employee.—The term 'employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, * * * as relating to municipal corporations and political subdivisions of the State, the term 'employee' shall include all officers and employees thereof, except such as are elected by the people * * *"

This definition adds nothing to the common law meaning of the term "employee." *Hayes v. Elon College, supra.* As was said by Stacy, C.J., in *Hollowell v. Department of Conservation and Development,* 206 N.C. 206, 173 S.E. 603, "The sum of the whole matter is, that before the provisions of the Workmen's Compensation Act are called into play, the relation of master and servant, or employer and employee, or some appointment, must exist, and this is the initial fact to be established."

In *Scott v. Lumber Co.,* 232 N.C. 162, 59 S.E. 2d 425, Ervin, J., speaking for the Court, said:

> "The question whether one employed to perform specified work for another is to be regarded as an independent contractor, or as an employee within the operation of the Workmen's Compensation Act is determined by the application of the ordinary common-law tests. * * * The test to be applied in determining whether the relationship of the parties under a contract for the performance of work is that of employer and employee, or that of employer and independent contractor is whether the party for whom the work is being done has the right to control the worker with respect to the manner or method of doing the work, as distinguished from the right merely to require certain definite results conforming to the contract. If the employer has the right of control, it is immaterial whether he actually exercises it."

It does not necessarily follow that one who is not an independent contractor is an employee within the coverage of the Act. One performing work or rendering services may not fall into either category. Thus, a prisoner, who certainly is not an independent contractor, is not an employee as defined in G.S. 97-2(b), though prisoners are now specifically brought within the Act to a limited extent by another provision of the statute. *Lawson v. Highway Commission,* 248 N.C. 276, 103 S.E. 2d 366.

One may be an employee, within the meaning of the Workmen's Compensation Act, though his employment is involuntary and under the compulsion of legal process. Thus, in *Moore v. State,* 200 N.C. 300, 156 S.E. 2d 806, one deputized by a forest warden to assist him in subduing a forest fire, and injured by an accident in the process of rendering such service, was held entitled to compensation under the Act. Similarly, in *Tomlinson v. Norwood,* 208 N.C. 716, 182 S.E. 659, one deputized by a police officer to assist him in making an arrest was held entitled to compensation under the Act for injuries received in so doing. It will be observed that in each of these situations the person, so called into the public service, was under the

direction and control of the officer, so deputizing him, as to the manner in which his service was to be rendered.

A closer analogy to the case of a juror is that of a witness testifying under subpoena. In *Hollowell v. Department of Conservation and Development, supra,* it was held that a witness is not an employee of the litigant, in whose behalf he testifies, so as to entitle him to compensation, under the Act, for injuries received in an assault upon him by the adverse litigant as the result of his testimony.

Obviously, a juror is not subject to direction and control of county officials as to the manner in which the juror discharges his duties, in the sense that an employee in an industry is subject to direction by his employer. On the contrary, even the trial judge is expressly forbidden to convey to the jury in any manner at any stage of the trial his opinion as to how the jury should determine a question of fact. G.S. 1-180; *Galloway v. Lawrence,* 266 N.C. 245, 145 S.E. 2d 861; *In Re Will of Bartlett,* 235 N.C. 489, 70 S.E. 2d 482.

A juror is not appointed by the county commissioners or by any county official. His name is drawn from the box without regard to the relative qualifications of those whose names are rightly in the box. *State v. Speller,* 229 N.C. 67, 47 S.E. 2d 537. He is then subject to peremptory challenge, as well as to challenge for cause, by either party to litigation. His services, if he is accepted and empaneled to try the issues in an action, are not obtained or defined by a contract of hire between him and the county. There are no negotiations between him and the county, express or implied, for those services. He is not a public officer, an independent contractor or an employee. He is a juror. "He is neither appointed nor elected to his position of duty." *Territory v. Hopt,* 3 Utah 396, 4 P. 250.

This Court has not previously ruled upon this question. See *Cole v. Guilford County,* 259 N.C. 724, 131 S.E. 2d 308. The excellent briefs of counsel have called to our attention only four decisions by courts of other jurisdictions in which it has been discussed. Our research has revealed no other authority bearing directly upon it. In Ohio it has been held that a juror is within the coverage of the Workmen's Compensation Act of that state. *Industrial Commission v. Rogers,* 122 Oh. St. 134, 171 N.E. 35, 70 A.L.R. 1244. The courts of Colorado and New Mexico have reached the opposite conclusion as to the statutes of those states. *Board of Comr's of Eagle County v. Evans,* 99 Colo. 83, 60 P. 2d 225; *Seward v. County of Bernalillo,* 61 N.M. 52, 294 P. 2d 625. In *Jochen v. County of Saginaw,* 363 Mich. 648, 110 N.W. 2d 780, the claim of a juror for compensation under the Michigan statute was denied. However,

three judges reached that result on the ground that the accident occurred before the claimant was accepted as qualified for service as a juror and so she was not, at the time of her injury, in the service of the county, and refused to determine the status of one accepted and empaneled. Three of the justices were of the opinion that the claim should be denied because "the ordinary incidents pertaining to the relationship of employer and employee are not present" and, consequently, the juror was not an employee within the meaning of the Michigan Act. Two justices dissented.

Since in this jurisdiction a juror is not an employee, the North Carolina Workmen's Compensation Act does not apply to an injury sustained by a juror in the course of his or her service as such. Consequently, the Industrial Commission was without jurisdiction in this matter. The judgment of the superior court is, therefore, reversed, and the award of the Industrial Commission is vacated.

Reversed.

MOORE, J., not sitting.