JOHN R. O'MALLEY'S CASE.

Franklin. February 11, 1972. — March 31, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, & BRAUCHER, JJ.

*Jury and Jurors. Workmen's Compensation Act,* To whom act applies, Juror. *Contract,* What constitutes, Contract of employment.

One who was injured by a swinging door while serving as a juror in the Superior Court in a certain county was not an "employee" of the county within G. L. c. 152, § 1 (4), and was not entitled to receive workmen's compensation. [505–507]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The claimant appealed from a decree dismissing the claim entered by *Tisdale, J.*

The case was submitted on briefs.

*James C. O'Sullivan* for the claimant.

*Jack D. Curtiss* for Franklin County.

TAURO, C.J. This is an appeal from a final decree dismissing a claim for workmen's compensation. John R. O'Malley, serving as a juror in the Superior Court for Franklin County on January 11, 1968, was injured by a swinging door while on his way to the jury waiting room.

The issue, one of first impression, is whether O'Malley in his capacity as a juror [1] was an "employee" of Franklin County within G. L. c. 152, § 1 (4), and therefore entitled to receive workmen's compensation. This question has been decided in five jurisdictions with only one allowing recovery. [2]

Our Workmen's Compensation Act defines an employee as "every person in the service of another under any contract of hire, express or implied, oral or written . . . ." G. L. c. 152, § 1 (4). The claimant must therefore come within this statutory definition before the provisions of the act apply. "The test used in this Commonwealth to determine whether an individual is, on the one hand, a servant or employee, and thus covered by the Workmen's Compensation Act (G. L. c. 152, § 1 [4]), or, on the other hand, an independent contractor, and therefore not covered by the act, is the *control* which may be exercised over the individual in the performance of his work. If in the performance of his work an individual is at all times bound to obedience and subject to direction and supervision as to details, he is an employee; but if he is only responsible for the accomplishment of an agreed result in an agreed manner, he is an independent contractor. The essence of the distinction is the right to control" (emphasis added). *Brigham's Case*, 348 Mass. 140, 141–142. It does not follow, however, that one who is not an independent contractor is therefore an employee. For example, this court has ruled that a prisoner is not entitled

---

[1] General Laws, c. 234, § 1, provides: "A person of either sex qualified to vote for representatives to the general court, whether a registered voter or not, shall be liable to serve as a juror . . . ." Jurors' names are drawn according to statutory provisions (G. L. c. 234, §§ 17–24), and service is compulsory unless excused by court order (G. L. c. 234, § 1A). Compensation is paid by the county where the juror is serving (G. L. c. 262, § 25).

[2] Denied recovery: *Board of County Commrs. of County of Eagle* v. *Evans*, 99 Colo. 83. *Silagy* v. *State*, 101 N. J. Super. 455, affd. 105 N. J. Super. 507, certificate den. 54 N. J. 506. *Seward* v. *County of Bernalillo* (*District Court*), 61 N. M. 52. *Hicks* v. *Guilford County*, 267 N. C. 364. See *Jochen* v. *County of Saginaw*, 363 Mich. 648, 662–671 (concurring opinion). Allowed recovery: *Industrial Commn. of Ohio* v. *Rogers*, 122 Ohio St. 134. See *Jochen* v. *County of Saginaw*, *supra*, 651–662 (dissenting opinion).

to coverage. "The fact that he was obliged to perform labor [in prison] did not constitute him an employee of the county 'under any contract of hire, express or implied, oral or written.' These words as used in the statute imply a voluntary relation between the parties . . . ." *Greene's Case,* 280 Mass. 506, 508.

"The services of a juror are not the result of contractual negotiations, either express or implied, between the individual juror and the county which summons . . . [him] to duty. He functions as part of our judicial system and plays an indispensable part in its overall administration for justice. . . . A juror is [only] subject to the control of . . . [the] court in its proper exercise of judicial discretion." *Silagy* v. *State,* 101 N. J. Super. 455, 466, affd. 105 N. J. Super. 507, certificate den. 54 N. J. 506.

Moreover, there is no statutory provision which prohibits a juror from continuing with his regular employment outside of court hours. It is common knowledge that many jurors continue to receive compensation from their regular employers during their jury duty (see, for example, G. L. c. 234, § 1B). Jury service merely causes a temporary separation from a juror's regular employment, and an employer is prohibited from terminating juror's employment because of jury service. G. L. c. 268, § 14A.

There is no contract of employment, expressed or implied, between the county and the juror. The county merely provides the facilities and other personnel for the court and the jurors. It exercises no control over the juror's work. Any control and direction exercised over the juror is by order of the court. The juror cannot refuse service nor can the county terminate the service.

Jurors do not constitute an independent organization or body within the judicial system. They perform legal functions imposed upon them in the manner prescribed by law. "[T]hey are an appendage, a branch, an integral part of the court acting under the authority of the court." *Grand Jurors for Worcester County for the Year 1951* v. *Commissioner of Corps. & Taxn.* 329 Mass. 89, 91. Thus,

any supervision exercised by the county over jurors is subject to the final control and supervision exercised by the court. None of the criteria necessary for an employer-employee relationship exists between the county and the juror. We therefore conclude that there is no recovery under the Workmen's Compensation Act for injuries received by a juror during jury service.

*Final decree affirmed.*