[No. B091035. Second Dist., Div. Five. Oct. 26, 1995.]

ROSEMARY WAGGENER, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Kosnett & Durchfort and David E. Durchfort for Plaintiff and Appellant.

Michael H. Manning and Wendi Wagner Breddan for Defendant and Respondent.

OPINION

ARMSTRONG, J.— ▮ The question presented in this case is whether jurors are employees within the meaning of the Workers' Compensation Act (Lab. Code, § 3600 et seq., hereinafter the Act), or are otherwise subject to the provisions of the Act, such that the Act provides the exclusive remedy to a juror injured while on jury service.

FACTS

Plaintiff and appellant Rosemary Waggener alleges that she was injured when, while serving as a juror in a criminal trial, she slipped and fell exiting a jury box in Los Angeles Superior Court. Plaintiff sued defendant and

respondent County of Los Angeles (County) for negligence and premises liability, seeking to recover damages for lost wages, hospital and medical expenses, and other unspecified damages.

The County moved for summary judgment, contending that the Act provides the sole and exclusive forum for redress of plaintiff's complaints against the County. The trial court, concluding that plaintiff was an "employee" of the County within the meaning of the Act, granted the County's motion for summary judgment, and dismissed the complaint. Plaintiff appeals the trial court's determination that she was an employee of the County for purposes of the Act. We affirm the judgment.

## DISCUSSION

The Act provides the exclusive remedy for an employee who suffers an injury arising out of or in the course of his or her employment. (Lab. Code, § 3600.) The Act is to be construed liberally "with the purpose of extending [its] benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.)

Labor Code section 3351 defines an "employee" as ". . . every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, . . ." Specifically included within the definition of the term "employee" are, for example, all elected and appointed paid public officers (Lab. Code, § 3351, subd. (b)) and all persons incarcerated in a state penal or correctional institution while engaged in assigned work (Lab. Code, § 3351, subd. (e)). Moreover, Labor Code section 3357 provides that "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee."

The Legislature has also identified other categories of persons who perform public or quasi-public services but who do not otherwise fit within the common law definition of the term "employee," and has mandated their inclusion within the workers' compensation system. (See, e.g., Lab. Code, §§ 3362.5 [deputized citizens], 3600.6 [disaster service workers].)

Jurors are not specifically mentioned in the Act. Thus, they are neither designated as persons who do not fit the traditional definition of employees who are nevertheless *included* within the workers' compensation system, nor as employees specifically *excluded* from the provisions of the Act. We are therefore called upon to determine whether a juror is an employee for

purposes of the Act in the absence of a specific pronouncement by the Legislature.

Plaintiff relies exclusively on a series of out-of-state cases which have held that a juror is not an employee for purposes of those states' workers' compensation laws. In *Lockerman* v. *Prince George's County* (1977) 281 Md. 195 [377 A.2d 1177], for example, the Supreme Court of Maryland focused on the relationship of jurors to the county which calls them to serve. The court noted that the one element common to all employment relationships is the voluntary concurrence of the parties—that is, a contract. The court observed that voluntary assent is wholly lacking in the relationship of juror to the county which he or she serves, because a citizen summoned for jury duty simply cannot decline to appear and serve. (*Id.* at p. 1181; accord, *In re O'Malley's Case* (1972) 361 Mass. 504 [281 N.E.2d 277]; *Silagy* v. *State* (1969) 105 N.J.Super. 507 [253 A.2d 478]; *Hicks* v. *Guilford County* (1966) 267 N.C. 364 [148 S.E.2d 240]; *Board of Com'rs of Eagle County* v. *Evans* (1936) 99 Colo. 83 [60 P.2d 225, 226].) As another court noted, "The county does not negotiate with a citizen for his services as a juror, nor does the citizen apply to the county for such preferment. When a citizen is summoned to jury service he responds to process running in the name of the people, which imports such dignity that it commands respect, and is of such force that none disobeys. By the majesty of the law, therefore, not by contract, he becomes a juror." (*Board of Com'rs of Eagle County* v. *Evans*, *supra*, 60 P.2d 225, 226.) Moreover, ". . . a juror is not subject to direction and control of county officials as to the manner in which the juror discharges his duties, in the sense that an employee in an industry is subject to direction by his employer. On the contrary, even the trial judge is expressly forbidden to convey to the jury in any manner at any stage of the trial his opinion as to how the jury should determine a question of fact." (*Hicks* v. *Guilford County*, *supra*, 148 S.E.2d 240, 243.) The foregoing cases uniformly conclude that jurors are not employees, and are not subject to the provisions of their states' respective workers' compensation laws, because their relationship to the County does not fit squarely within the common law definition of the employment relationship.

Our Supreme Court, however, has cautioned against adhering to a rigid contractual analysis to determine whether a person rendering services to another is an employee for purposes of the Act. Thus, in *Arriaga* v. *County of Alameda* (1995) 9 Cal.4th 1055 [40 Cal.Rptr.2d 116, 892 P.2d 150] (hereafter *Arriaga*), the Supreme Court reiterated that " 'an "employment" relationship sufficient to bring the Act into play cannot be determined simply from technical contractual or common law conceptions of employment but must instead be resolved by reference to the history and fundamental

purposes underlying the . . . Act [citations].' (*Laeng* [v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 771 [100 Cal.Rptr. 377, 494 P.2d 1] at p. 777, fn. omitted.)" (*Arriaga, supra,* 9 Cal.4th at p. 1061.) When viewed in this light, we think it clear that jurors are "employees" for purposes of the Act.

The purpose of the Act is to protect individuals against the special risks of employment. (*Arriaga, supra,* 9 Cal.4th at p. 1061; *Laeng v. Workermen's Comp. Appeals Bd., supra,* 6 Cal.3d 771, 777 [100 Cal.Rptr. 377, 494 P.2d 1] [hereafter *Laeng*]; *County of Los Angeles v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 391, 397 [179 Cal.Rptr. 214, 637 P.2d 681] [hereafter *Conroy*].) " 'The Act intends comprehensive coverage of injuries in employment. It accomplishes this goal by defining "employment" broadly in terms of "service to an employer" and by including a general presumption that any person "in service to another" is a covered "employee." ' " (*Arriaga, supra,* 9 Cal.4th at p. 1061, quoting *S.G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 354 [256 Cal.Rptr. 543, 769 P.2d 399].) "Thus, '. . . the basic inquiry in compensation law involves which injuries *to* the employee should be insured against by the employer. [Citations.]' (*Laeng, supra,* 6 Cal.3d at p. 778, fn. 7.)" (*Arriaga, supra,* 9 Cal.4th at p. 1061.)

In applying the foregoing principles, our courts have extended coverage of the Act to a city job applicant injured "as part of a 'tryout' competition for the position of 'refuse crew worker,' " although he was obviously not an "employee" in the contractual sense at the time of the injury. (*Laeng, supra,* 6 Cal.3d at p. 774.) Similarly, a "workfare" recipient was deemed an employee for purposes of the Act, although the normal incidents of employment, such as negotiated compensation, were not present. (*Conroy, supra,* 30 Cal.3d at pp. 398-399.) And most recently, a person injured while performing services for the California Department of Transportation, as part of her sentence to work off a speeding ticket, was found to be an employee subject to the exclusive jurisdiction of the Act. (*Arriaga, supra,* 9 Cal.4th at pp. 1062-1063.)

We can discern no rational basis upon which to distinguish the foregoing cases from the one before us.[1] It cannot be argued that a juror does not provide "services" to the County; indeed, the common term for describing the work of a citizen called to sit on a jury is "jury service." And while it is true that the County does not, and cannot, exercise control over the juror's

---

[1]Of course, unlike the workfare recipient in *Conroy*, the prospective employee in *Laeng*, and the California Department of Transportation worker in *Arriaga*, a juror does not perform physical labor. Plaintiff has proffered no reason, however, to attach any importance to that fact, and we consider it a distinction without a difference.

ultimate work product, that is, the deliberative process, the County does control each and every other aspect of the juror's work environment, including, in the extreme situation of sequestration, the juror's whereabouts outside the courtroom as well as in. In sum, it is wholly consistent with the broad purposes of the Act to place upon the County, which benefits from the unique and invaluable services provided by jurors, the responsibility to insure against injuries which they may sustain in rendering such services to the County. (*Laeng*, *supra*, 6 Cal.3d at p. 778, fn. 7.)

Consequently, we conclude that a juror who is injured in the course of performing his or her jury service is an employee for purposes of the Act. The trial court therefore properly entered judgment for the County.

DISPOSITION

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 1995.