ROSARIO LARA, Plaintiff-Appellant, v. HYUNDAI MOTOR AMERICA, Defendant-Appellee.

Second District    No. 2—01—0250

Opinion filed May 29, 2002.

Gregory H. Moss, Adam J. Krohn, Scott M. Cohen, and Julia L. Thomas, all of Krohn & Moss, Ltd., of Chicago, for appellant.

Paul E. Wojcicki and Matthew T. Hurst, both of Segal, McCambridge, Singer & Mahoney, Ltd., of Chicago, for appellee.

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Rosario Lara, filed a two-count complaint alleging that defendant, Hyundai Motor America, breached a written limited warranty (count I) and the implied warranty of merchantability (count II) under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (Act) (15 U.S.C. § 2301 *et seq.* (1994)). The trial court granted defendant partial summary judgment on count I. Plaintiff appeals the judgment and contends that the Act permits recovery for a breach of an express limited warranty even if the consumer cannot return the warranted product. Although the parties focus on the federal minimum standards of full warranties under the Act, we conclude that those standards do not apply. After considering plaintiff's potential remedies under Illinois's version of the Uniform Commercial Code (UCC) (810 ILCS 5/1—101 *et seq.* (West 1998)), we reverse the judgment and remand the cause for further proceedings.

## FACTS

The following facts are essentially undisputed. On May 31, 1997,

plaintiff purchased a new 1997 Hyundai Tiburon from defendant's dealer, Rock River Hyundai, Inc., for $13,011, and she financed the purchase through Ford Motor Credit Company. At the time of the sale, plaintiff received an owner's handbook, which is 38 half-pages. Pages 13 through 37 of the handbook contain a 3-year or 36,000-mile, bumper-to-bumper "New Vehicle Limited Warranty," which provides in relevant part:

*"Warrantor*

Hyundai Motor America (HMA) warrants your new 1997 Hyundai vehicle pursuant to the limited warranties described in this handbook. All warranty coverages indicated in this Owner's Handbook apply to the vehicle regardless of a change in ownership and are transferrable to subsequent owners.

\* \* \*

*What is Covered*

Repair or replacement of any component originally manufactured or installed by Hyundai Motor Company or Hyundai Motor America (HMA) that is found to be defective in material or workmanship under normal use and maintenance, except any item specifically referred to in the section 'What is Not Covered.' \*\*\*

*What is Not Covered*

\*\*\* INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING WITHOUT LIMITATION, LOSS OF TIME, INCONVENIENCE, LOSS OF USE OF THE VEHICLE OR COMMERCIAL LOSS.

The duration of any implied warranties, including those of MERCHANTABILITY and FITNESS FOR A PARTICULAR PURPOSE, are limited to the duration of this limited warranty.

Some states do not allow limitations on how long an implied warranty lasts, or the exclusion or limitation of incidental or consequential damages, so the limitations or exclusions set forth regarding this limited warranty may not apply to you. You may also have other rights which vary from state to state."

From August 1997 through June 1999, plaintiff tendered the vehicle to the dealer 14 times to repair the clutch, the fuel and emission systems, the transmission, the blower, and the engine. Plaintiff asserts that the dealer's repair attempts were unsuccessful and that she could not have discovered the defects through reasonable inspection at the time of purchase. On August 26, 1999, plaintiff notified defendant in writing that she wished to revoke her acceptance. Plaintiff offered to return the vehicle in exchange for a replacement or full refund, but defendant rejected the proposal. The car was repossessed on September 3, 1999, for plaintiff's failure to make timely payments, and it was later resold at auction for $5,250.

On September 13, 1999, plaintiff filed her complaint in the circuit court of Cook County. The complaint alleges that plaintiff revoked her acceptance when she offered to return the vehicle. Plaintiff further alleges causes of action under the Act for breaches of the express new vehicle limited warranty and the implied warranty of merchantability. Plaintiff seeks several remedies for each breach, including (1) the difference between the value of the car as accepted and as warranted; (2) a refund of the full purchase price plus "all incidental and consequential damages"; (3) reimbursement for "all collateral charges," including insurance costs, costs of cover and replacement transportation, loss of income while repairs were attempted, and damages for "severe aggravation and inconvenience"; (4) reasonable attorney fees; and (5) prejudgment interest.

The case was transferred to Winnebago County, and on September 18, 2000, a panel of arbitrators found for plaintiff on the express warranty count and for defendant on the implied warranty count. Plaintiff was awarded $3,500 in damages, $12,415 for attorney fees, and unspecified costs. Defendant rejected the arbitration award and filed a motion for summary judgment, arguing that plaintiff's claims under the Act are barred because (1) she cannot return the vehicle, (2) the vehicle was merchantable because it was resold successfully, (3) the implied warranty of merchantability did not arise as a matter of law, and (4) the limited warranty disclaimed liability for the incidental and consequential damages that plaintiff alleged. In support, defendant cited an unrelated and unpublished appellate court order and challenged the constitutionality of Supreme Court Rule 23(e) (166 Ill. 2d R. 23(e)), which prohibits such citation.

On February 15, 2001, the trial court granted defendant summary judgment on the express warranty count (count I), denied it on the implied warranty count (count II), and rejected defendant's contention that Rule 23(e) is unconstitutional. The court found no just reason to delay the enforcement or appeal of the judgment under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and plaintiff's timely notice of appeal followed.

## ANALYSIS

On appeal, plaintiff notes that the Act distinguishes between full and limited warrantors, and she argues that the Act does not permit defendant, a *limited* warrantor, to require the return of a vehicle as a condition to any remedy for a breach of the express warranty. She further argues that, although the warranty limits her potential remedies to the repair or replacement of defective parts, the limitation is ineffective because (1) it is inconspicuous and (2) the exclusive remedy

fails of its essential purpose. Therefore, plaintiff contends, incidental and consequential damages are available as a remedy. Defendant attempts to refute these theories. It also challenges the constitutionality of Rule 23(e), and urges us to consider *Brouillet v. Mitsubishi Motor Sales of America, Inc.*, No. 1—99—0240 (1999) (unpublished order under Supreme Court Rule 23), an unpublished disposition that purportedly supports its case.

In all appeals from the entry of summary judgment, we conduct a *de novo* review of the evidence in the record. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998); *Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 50 (1999). "Summary judgment is a drastic means of resolving litigation and should be allowed only when the right of the moving party is clear and free from doubt." *Bier*, 305 Ill. App. 3d at 50. "Therefore, where reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." *Espinoza*, 165 Ill. 2d at 114.

In construing a statute, we must ascertain and give effect to the intent of the legislature. *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 368 (1998). We first look to the express language because it is usually the best indicator of legislative intent. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). We should not resort to other aids of construction if the statutory language is clear and unambiguous, and we should not depart from the statute's plain meaning by reading into it exceptions, limitations, or conditions that are not clearly expressed. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 149 (1997).

The Act provides a consumer with a private cause of action against a manufacturer or retailer who fails to comply with the Act or the terms of a written warranty or any implied warranty arising therefrom. The consumer generally may seek "damages and other legal and equitable relief" as a remedy. 15 U.S.C. § 2310(d)(1) (1994). The Act requires a supplier who gives a written warranty that covers a consumer product costing more than $10 to meet certain minimum disclosure and designation requirements when the product is sold to a consumer. 15 U.S.C. §§ 2302, 2303 (1994). Nothing in the Act requires a supplier of consumer products to issue a written warranty; the Act applies only when a supplier chooses to do so. 15 U.S.C. § 2302(b)(2)

(1994); *Sorce v. Naperville Jeep Eagle, Inc.*, 309 Ill. App. 3d 313, 323 (1999).

The parties agree that plaintiff is a consumer (see 15 U.S.C. § 2301(3) (1994)), defendant is a warrantor (see 15 U.S.C. § 2301(5) (1994)), and the vehicle is a consumer product (see 15 U.S.C. § 2301(1) (1994); 16 C.F.R. § 700.1(a) (1998)) as defined by the Act. There is also no dispute that the new vehicle limited warranty qualifies as a written warranty under the Act. See 15 U.S.C. § 2301(6) (1994).

▪▪ Section 2303 of the Act requires a warrantor to "clearly and conspicuously" designate a written warranty as either a " 'full [statement of duration] warranty' " or a " 'limited warranty.' " 15 U.S.C. § 2303(a) (1998). For a warranty to earn the designation "full warranty," it must meet the minimum standards provided in section 2304 of the Act. 15 U.S.C. § 2303(a)(1) (1994). Section 2304 provides in relevant part:

"Federal minimum standards for warranties

(a) Remedies under written warranty; duration of implied warranty; exclusion or limitation on consequential damages for breach of written or implied warranty; election of refund or replacement

In order for a warrantor warranting a consumer product by means of a written warranty to meet the Federal minimum standards for warranty—

(1) such warrantor must as a minimum remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty;

(2) notwithstanding section 2308(b) of this title, such warrantor may not impose any limitation on the duration of any implied warranty on the product;

(3) such warrantor may not exclude or limit consequential damages for breach of any written or implied warranty on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty; and

(4) if the product *** contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect a refund for, or replacement without charge of, such product ***. ***

(b) Duties and conditions ***

(1) In fulfilling the duties under subsection (a) of this section respecting a written warranty, the warrantor shall not impose any duty other than notification upon any consumer as a condition of securing remedy of any consumer product which malfunctions, is defective, or does not conform to the written warranty, unless the

warrantor has demonstrated in a rulemaking proceeding, or can demonstrate in an administrative or judicial enforcement proceeding (including private enforcement), or in an informal dispute settlement proceeding, that such a duty is reasonable.

(2) Notwithstanding paragraph (1), a warrantor may require, as a condition to replacement of, or refund for, any consumer product under subsection (a) of this section, that such consumer product shall be made available to the warrantor free and clear of liens and other encumbrances, except as otherwise provided by rule or order of the Commission in cases in which such a requirement would not be practicable.

\* \* \*

(e) Incorporation of standards to products designated with full warranty for purposes of judicial actions

If a supplier designates a warranty applicable to a consumer product as a 'full (statement of duration)' warranty, then the warranty on such product shall, for purposes of any action under section 2310(d) of this title or under any State law, be deemed to incorporate at least the minimum requirements of this section and rules prescribed under this section." 15 U.S.C. § 2304 (1994).

There is no dispute that the new vehicle limited warranty is a "limited warranty" under the Act. See 15 U.S.C. § 2303(a)(2) (1994). However, defendant argues that section 2304(b)(2) of the Act applies to both full and limited warranties and therefore bars plaintiff's breach of written warranty claim because she cannot return the vehicle. We disagree.

■ This court has held that the plain language of the statutory scheme makes it clear that the minimum federal standards of subsections 2304(a) and 2304(b)(1) apply to full warranties only. *Sorce*, 309 Ill. App. 3d at 324. Defendant essentially argues that the new vehicle limited warranty permits it to impose upon plaintiff the duties of subsection 2304(b), without first complying with the remedy requirements of subsection 2304(a). Defendant's interpretation of the statute is contrary to its plain language. It is clear that all of section 2304, including subsection 2304(b)(2), is intended to apply to full warranties only. Section 2304(a)(4) requires a full warrantor to permit the consumer to elect a replacement of the product or a refund as a remedy, and only because a full warranty permits such an election does the return requirement of section 2304(b)(2) apply in those cases. 15 U.S.C. § 2304(e) (1994). The return requirement does not apply even in the case of a *full* warranty breach if the warrantee's elected remedy is damages rather than the replacement of the product or a refund.

The parties agree that the new vehicle limited warranty is not a

full warranty under the Act because it does not, among other things, permit plaintiff to elect a replacement of the vehicle or a refund as a remedy for a warranty breach. Therefore, defendant may not now demand the return of the vehicle and rely upon section 2304(b)(2) to avoid liability for a breach. We conclude that section 2304(b)(2) does not bar plaintiff's claim under section 2310(d)(1) for a breach of the express limited warranty.

We note that defendant's reliance on *Pfeiffer v. Ford Motor Co.*, 517 N.W.2d 76 (Minn. App. 1994) (applying the Minnesota "Lemon Law"), and *Mercedes-Benz of North America, Inc. v. Garten*, 94 Md. App. 547, 618 A.2d 233 (1993) (applying the Maryland "Lemon Law"), is misplaced. Those opinions do not address whether a limited warranty is governed by any part of section 2304 of the Act. We further note that defendant declined plaintiff's offer to return the vehicle in exchange for a replacement or refund. Defendant apparently became concerned with the unavailability of the car only after it was repossessed and plaintiff filed suit.

■ Plaintiff next contends that the new vehicle limited warranty did not effectively exclude all incidental and consequential damages arising from an alleged breach of the express warranty or the implied warranty of merchantability. In remedy limitation cases, the court must make three inquiries: (1) whether the contract limited the remedy to repair or replacement, (2) whether, if the remedy were so limited, it failed of its essential purpose, and (3) whether, if the limited remedy failed of its essential purpose, consequential damages may be recovered because their exclusion is unconscionable. *Intrastate Piping & Controls, Inc. v. Robert-James Sales, Inc.*, 315 Ill. App. 3d 248, 256 (2000).

The parties implicitly agree that the new vehicle limited warranty limited plaintiff's remedies to the repair or replacement of defective parts. Defendant argues, therefore, that plaintiff is left with no remedy because she caused the vehicle to be repossessed. Plaintiff initially counters that the limitation is ineffective because it was inconspicuous.

■ No provision in the Act governs the exclusion or limitation of consequential damages in "limited warranties." *Sorce*, 309 Ill. App. 3d at 325. Because no such provision exists in the Act, the exclusion or limitation of consequential damages in "limited warranties" is, by implication, governed by the UCC. *Sorce*, 309 Ill. App. 3d at 325. The relevant portion of section 2—719(3) of the UCC provides that "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." 810 ILCS 5/2—719(3) (West 1998).

In *Sorce*, a limited written automobile warranty stated that "AM GENERAL WILL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES CAUSED BY *** BREACH OF THIS WRITTEN WARRANTY OR ANY IMPLIED WARRANTY." *Sorce*, 309 Ill. App. 3d at 317. This statement was located on page 9 of the 19-half-page warranty. We held that the exclusion's inconspicuousness did not render it invalid because the UCC does not require that any such limitation or exclusion be conspicuous or appear in any particular place in the warranty. *Sorce*, 309 Ill. App. 3d at 325.

Plaintiff argues that *Sorce* was wrongly decided and that the exclusion in the new vehicle limited warranty is ineffective because it does not comply with section 2304(a)(3), which requires a statement excluding damages to be "on the face of the warranty." We disagree. As noted, all of section 2304 applies to "full warranties" only. Because the warranty here is a limited warranty and the Act does not address the exclusion or limitation of consequential damages in such warranties, the exclusion is governed by the UCC. See *Sorce*, 309 Ill. App. 3d at 325. The UCC does not require that the exclusion be conspicuous, and we conclude that it is not invalid for that reason. See *Sorce*, 309 Ill. App. 3d at 325.

In *Sorce*, this court held that an exclusion substantially similar to the one in this case was not unconscionable, and plaintiff does not contend that the warranty's exclusion of consequential and incidental damages in this case is unconscionable. Instead, she argues that the exclusion is invalid under section 2—719(2) of the UCC, which provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in [the UCC]." 810 ILCS 5/2—719(2) (West 1998). Plaintiff contends that she should not be limited to the warranty's exclusive remedy of the replacement or repair of defective parts.

■ While the UCC disfavors contractual provisions that leave the nonbreaching party without a remedy, it does not disfavor limits on recoverable damages, including consequential and incidental damages. *Intrastate*, 315 Ill. App. 3d at 257. The essential purpose of a damage or remedy limitation is to provide the seller with an opportunity to tender conforming goods and thereby limit its exposure to risk for other damages, while simultaneously providing the purchaser with the benefit of his bargain. *Intrastate*, 315 Ill. App. 3d at 257. A remedy limitation fails of its essential purpose when a seller unreasonably delays the replacement of the product, refuses to replace it at all, or is unsuccessful in correcting the defects "within a reasonable time." *Intrastate*, 315 Ill. App. 3d at 257-58.

■ In this case, plaintiff tendered the vehicle to defendant 14

times over two years for multiple repairs to various vehicle parts. Defendant replaced or attempted to repair the parts, but plaintiff alleges that the attempts did not remedy the problems. It appears that a factual question exists as to whether plaintiff ever received the benefit of her bargain—a nondefective vehicle. *Cf. Intrastate*, 315 Ill. App. 3d at 258 (warranty limitation did not fail of its essential purpose because the warrantee received replacement of entire pipe when warrantor was obligated to replace only defective portion). Therefore, after viewing the evidence in the light most favorable to plaintiff, we conclude that the trial court erroneously entered summary judgment for defendant on the express warranty count. If the finder of fact concludes that the limited remedy of replacement or repair of defective parts failed of its essential purpose, the express warranty's exclusion of consequential and incidental damages will have no effect and those damages will be available to plaintiff pursuant to the UCC. See 810 ILCS 5/2—719(2) (West 1998).

●11 The trial court denied defendant summary judgment on plaintiff's claim for a breach of the implied warranty of merchantability (count II). The court expressed uncertainty as to whether an Illinois consumer can ever state such a claim under the Act, and we note that one can. "A cause of action asserted for breach of an express warranty does not extinguish a concurrent cause of action for breach of implied warranties arising from the express warranty." *Sorce*, 309 Ill. App. 3d at 326. A breach of the implied warranty of merchantability would occur if the goods are not "fit for the ordinary purposes for which such goods are used" (810 ILCS 5/2—314(2)(c) (West 1998)) even where the warrantor has attempted to repair or replace defective parts (and thus comply with the express warranty) but the attempts are unsuccessful in resolving the problems. *Sorce*, 309 Ill. App. 3d at 326-27. Therefore, on remand, plaintiff's count II would not necessarily be barred by an adverse ruling on count I.

■ Finally, we address defendant's citation to *Brouillet*, an unpublished First District Rule 23 order. Under Rule 23(e), an unpublished order of the appellate court has no precedential value and may not be cited by any party except to support contentions such as double jeopardy, *res judicata*, collateral estoppel, and law of the case. 166 Ill. 2d R. 23(e); *People v. Schambow*, 305 Ill. App. 3d 763, 766 (1999). Defendant argues that Rule 23(e) is unconstitutional under the rationale set forth in *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000), *dismissed as moot*, 235 F.3d 1054 (8th Cir. 2000), and cites *Brouillet* for the proposition that the return requirement of section 2304(b)(2) of the Act applies to the limited warranty in this case. Defendant cites no other unpublished order.

It is well settled that a court will consider a constitutional question only where essential to the disposition of a case, *i.e.*, where the case cannot be decided on other grounds. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 396 (1994). It is also well settled that one district of the state appellate court is not always bound to follow the decisions of other districts, even though there may be compelling reasons to do so when addressing factually similar cases. *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 398 (1992). For the reasons set forth herein, we respectfully disagree with and depart from the First District's analysis in *Brouillet*. Because *Brouillet* was decided by the First District, we would not be required to follow the case even if it had been published pursuant to Rule 23(a). Accordingly, we need not decide whether Rule 23(e) unconstitutionally prohibits defendant's citation to the case because a consideration of the case would not affect our decision.

For these reasons, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and O'MALLEY, JJ., concur.