LINDA J. JASKOVIAK, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (The County of Will *et al.*, Appellees).

Third District (Industrial Commission Division)   No. 3—02—0265WC

Opinion filed February 20, 2003.

GOLDENHERSH, J., dissenting.

Thomas E. Cowgill, of Krockey, Cernugel, Cowgill, Clark & Pyles, of Joliet, for appellant.

Jeff Tomczak, State's Attorney, and Michael Stillman and David E. Neumeister, both of Querrey & Harrow, Ltd., both of Joliet, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Linda J. Jaskoviak appeals from an order of the circuit court of Will County confirming a decision of the Illinois Industrial Commission (Commission). The arbitrator denied benefits, finding that no employment relationship existed between claimant and respondent, Will County Jury Commission. The Commission affirmed and adopted the arbitrator's decision. The issue on review is whether a person serving jury duty is an employee of the jury commission. We affirm.

The facts are undisputed. Claimant received a jury summons and reported to respondent as directed. She later received a $7 check from respondent. On her questionnaire, claimant indicated her occupation was teacher and identified the school district for which she worked. On June 13, 1994, while being escorted with a group of jurors to a jury holding area, claimant lost her footing on a stairway and was injured.

■ Generally, the question of whether an employment relationship exists at the time of the accidental injury is a question of fact for the Commission, and the Commission's finding will not be disturbed unless it is against the manifest weight of the evidence. *Ware v. Industrial Comm'n*, 318 Ill. App. 3d 1117, 1122, 743 N.E.2d 579, 583 (2000). However, because the relevant facts are not in dispute and divergent inferences could not be drawn from the undisputed facts, our consideration is *de novo*. *Metropolitan Water Reclamation District of Greater Chicago v. Industrial Comm'n*, 272 Ill. App. 3d 732, 734, 650 N.E.2d 671, 673 (1995). Moreover, where statutory construction is involved, our consideration is *de novo*. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232, 756 N.E.2d 822, 827 (2001).

■ The Constitution of the State of Illinois creates a right to trial by jury. Ill. Const. 1970, art. I, §§ 8, 13. Persons are summoned to appear as jurors, and the failure to appear, without a reasonable excuse, subjects a person so summoned to contempt of court. 705 ILCS 305/15 (West 1992). There is no evidence in this case concerning the method by which names of citizens are selected for issuance of summons to jury duty. However, the nature of the office of juror is a constitutionally created civic obligation to be fulfilled by citizens of Illinois. The fact that jurors are paid a *per diem* fee and travel expenses (55 ILCS 5/4—11001 (West 1992)) does not change the nature of the juror's civic obligation.

■ Section 1(b)(1) of the Workers' Compensation Act (Act) defines the term "employee" as follows:

"Every person in the service of the State, including members of the General Assembly, members of the Commerce Commission, *** and all persons in the service of the University of Illinois, county, including deputy sheriffs and assistant state's attorneys, *** whether by election, under appointment or contract of hire, express or implied, oral or written ***." 820 ILCS 305/1(b)(1) (West 1992).

■ Claimant argues that it is not dispositive that jurors are not listed among the specific examples recited in the statute. The primary goal of statutory construction is to ascertain and give effect to legislative intent, and the best indication of legislative intent is the plain and ordinary meaning of the language employed in the statute. *Lauer v. American Family Life Insurance Co.*, 199 Ill. 2d 384, 388, 769 N.E.2d 924, 926 (2002). When the statutory language is clear and unambiguous, the court will not resort to aids of construction. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 149, 688 N.E.2d 90, 94 (1997), quoting *Illinois Power Co. v. Mahin*, 72 Ill. 2d 189, 194, 381 N.E.2d 222, 224 (1978); *Lara v. Hyundai Motor America*, 331 Ill. App. 3d 53, 58, 770 N.E.2d 721, 725 (2002).

■ Jurors are not elected, appointed, or contracted to work for the state or county. Illinois courts have stated that, absent a contract for hire, either express or implied, there can be no liability under the Act. See *Crepps v. Industrial Comm'n*, 402 Ill. 606, 615, 85 N.E.2d 5, 9 (1949); *Pearson v. Industrial Comm'n*, 318 Ill. App. 3d 932, 935, 743 N.E.2d 685, 687 (2001).

"Consistent with the philosophy of the Act, which assumes that a worker is gainfully employed at the time of his injury, it is generally recognized that a true employer/employee relationship does not exist in the absence of the payment or expected payment of consideration in some form by the employer to the employee. (*Board of Education v. Industrial Comm'n* (1972), 53 Ill. 2d 167, 290 N.E.2d 247.) ***

*** The existence of such a relationship is determined by an application of the principles governing the formation of other contracts and must reflect a meeting of the minds expressed by some offer on the part of one to employ or to work with another and an acceptance on the part of the other. *Crepps v. Industrial Comm'n* (1949), 402 Ill. 606, 85 N.E.2d 5." *Goodrick v. Industrial Comm'n*, 237 Ill. App. 3d 885, 888-89, 605 N.E.2d 120, 123 (1992).

The majority of cases from other jurisdictions have answered this question by deciding that a juror is not an employee. *Lockerman v. Prince George's County*, 281 Md. 195, 377 A.2d 1177 (1977); *Metropolitan Dade County v. Glassman*, 341 So. 2d 995 (Fla. 1976); *John R.*

*O'Malley's Case*, 361 Mass. 504, 281 N.E.2d 277 (1972); *Silagy v. State of New Jersey*, 105 N.J. Super. 507, 253 A.2d 478 (1969); *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E.2d 240 (1966); *Jochen v. County of Saginaw*, 363 Mich. 648, 110 N.W.2d 780 (1961); *Seward v. County of Bernalillo*, 61 N.M. 52, 294 P.2d 625 (1956); *Board of Commissioners v. Evans*, 99 Colo. 83, 60 P.2d 225 (1936); *Jeansonne v. Parish of East Baton Rouge*, 354 So. 2d 619 (La. App. 1977). See *Castro v. State*, 70 Cal. App. 3d 156, 138 Cal. Rptr. 572 (1977) (a personal injury case). Contra *Yount v. Boundary County*, 118 Idaho 307, 796 P.2d 516 (1990); *Holmgren v. North Dakota Workers Compensation Bureau*, 455 N.W.2d 200 (N.D. 1990); *Bolin v. Kitsap County*, 114 Wash. 2d 70, 785 P.2d 805 (1990); *Industrial Comm'n v. Rogers*, 122 Ohio St. 134, 171 N.E. 35 (1930), *overruled on other grounds*, *Industrial Comm'n v. Klaff*, 123 Ohio St. 451, 175 N.E. 697 (1931); *Waggener v. County of Los Angeles*, 39 Cal. App. 4th 1078, 46 Cal. Rptr. 2d 141 (1995) (with no discussion of *Castro*). See generally R. Morse, Annotation, *Jurors as Within Coverage of Workers' Compensation Acts*, 13 A.L.R.5th 444 (1993).

■ In this case there was no employment agreement evidenced by an offer on the part of the county or state to employ claimant and no acceptance by claimant. Claimant had no choice to accept or decline jury duty, and issuing a jury summons is not an "offer." Claimant concedes that, in Illinois, an employment relationship is a product of mutual assent and notes that she did not agree to be a juror. Nevertheless, claimant attempts to bring herself within the parameters of the term "appointment."

An appointment to office requires an open, unequivocal act of appointment by an appointing authority with the power to make the appointment. *Molnar v. City of Aurora*, 38 Ill. App. 3d 580, 583, 348 N.E.2d 262, 264 (1976). Claimant argues that the jury commission's creating a jury list amounted to an appointment of the persons on the list. We disagree.

We need not adopt the reasoning in *Industrial Comm'n v. Rogers*, 122 Ohio St. 134, 138, 171 N.E.2d 35, 36 (1930), in which the Ohio Supreme Court interpreted the term "of hire" to modify both "appointment" and "contract" after drawing no distinction between "selection" of a person by a jury commission and an "appointment" of that person as a juror by a jury commission. We find that appointment also requires mutual assent, as persons are not appointed to office without first agreeing to serve in that capacity. A jury summons is not the equivalent of an appointment to office. The jury commission prepares jury lists for the court (705 ILCS 310/7, 8 (West 1992)), and it is the court that issues the summons. A summons is a writ or process requiring an identified person to appear in court. Black's Law

Dictionary 1287 (5th ed. 1979). A summons for jury duty is neither an appointment to office nor a contract for hire.

There is nothing in section 1(b)(1) of the Act indicating that the legislature intended jurors to be treated as employees under the Act. We decline to adopt such a construction. Nor is there any evidence that the legislature simply neglected to consider whether jurors should be considered eligible for benefits under the Act. See *Yount v. Boundary County*, 118 Idaho 307, 315, 796 P.2d 516, 524 (1990). "A court may not inject provisions not found in the statute \*\*\*." *Bridgestone/Firestone*, 179 Ill. 2d at 154-55, 688 N.E.2d at 96.

The order of the circuit court of Will County confirming the Commission's decision is affirmed.

Affirmed.

HOFFMAN, O'MALLEY, Jack, and HOLDRIDGE, JJ., concur.

JUSTICE GOLDENHERSH, dissenting:

The circuit court's order confirming the Commission's decision should be reversed. The issue of first impression before this court is whether a citizen who was injured while performing jury duty is an employee of the county for purposes of the Workers' Compensation Act. While the majority of foreign cases deny workers' compensation coverage to jurors who are injured while serving jury duty, these cases are not controlling and, unlike my colleagues, I do not find them to be persuasive authority. The better approach is the minority view, which holds that jurors are within the purview of workers' compensation coverage.

For example, *Yount v. Boundary County*, 118 Idaho 307, 796 P.2d 516 (1990), adopted the minority approach. The *Yount* court relied on the fact that the Idaho workers' compensation act does not specifically exclude jurors and inferred from this that the legislature simply failed to consider whether jurors should be considered eligible for compensation benefits if injured while serving on a jury. *Yount*, 118 Idaho at 315, 796 P.2d at 524. Likewise, our own statute does not specifically exclude jurors and defines an employee in broad terms.

Section 1(b)(1) of the Act defines an "employee" as "[e]very person in the service of the State." 820 ILCS 305/1(b)(1) (West 1992). I cannot fathom how a juror does not fall into this category. A special concurrence in *Yount* pointed out that "[t]he tremendous responsibility thrust upon jurors as a result of such public service qualifies them as public officials of the highest order and no less important to the success of the judicial system than are the judges, clerks, bailiffs, court

reporters, and other full time employees of the state or county." *Yount*, 118 Idaho at 318, 796 P.2d at 527 (Towles, J., concurring). Those called for jury service deserve to be treated better than claimant was here.

The facts of this case are not in dispute. Claimant was part of a group of potential jurors who were being escorted by Will County court personnel to a jury holding area. While on a stairway, claimant lost her footing and injured her ankle. Claimant suffered an oblique fracture of the fibula. Even after treatment, claimant suffers lingering effects, including swelling and discomfort. An independent medical examiner found a causal connection between claimant's fall on the stairwell and her condition of ill-being. Under these circumstances, claimant was an employee of the county for purposes of the Workers' Compensation Act.